**James Earl GAMBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Joe Nathan DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 61302, 61303.**

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 12, 1979.

Reed Jackson, Fairfield, for Gamble, on appeal only.

Steven A. Neal, Fairfield, for Davis, on appeal only.

Robert Huttash, State's Atty. and Alfred W. Walker, Asst. State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeals are taken from convictions for aggravated robbery.[1] After the jury found that each appellant had previously been convicted of a felony offense, punishment was assessed at 15 years for Gamble and 25 years for Davis.

Appellants were convicted of robbing at gunpoint Wallace Coates at the Teague Jewelry Company in Teague on December 17, 1976. Coates stated that the assailants took several items of jewelry. Sue Fulcher, Coates' daughter, testified that she and her father were tied up in the store during the robbery by two individuals. Fulcher related that these individuals left the store and entered a white Cadillac driven by a third party. Neither Fulcher nor Coates could identify appellants as the individuals who robbed them.

Trooper Ronald Wood, of the Texas Department of Public Safety, testified that after overhearing a radio transmission reporting the robbery, he stopped a white Cadillac on Interstate 45 near Centerville. Appellants were inside the car with a third

---

1. Appellants were separately indicted for the same offense and tried jointly. See, Art. 36.09, V.A.C.C.P.

individual. A large amount of jewelry later identified as belonging to Coates was found inside the car.

Both appellants testified that the jewelry found in the car was purchased from Bubba Holley of Mexia. They stated that Holley was paid $3,000 for the jewelry near Teague on the morning of the robbery. Holley was driving a white Cadillac of a different year model than that appellants were stopped in by Trooper Wood.

The appellants complain of the court reporter's failure to transcribe his notes from final arguments at the guilt or innocence and punishment phase of the trial.

The record reflects that prior to trial both appellants requested the court reporter to make notes of the final arguments. This request was granted by the trial court. After they were convicted, both appellants requested the court reporter to transcribe his notes of the jury arguments and include such transcription in the record on appeal. On November 1, 1977, both appellants objected to the record on appeal in that the record did not include the jury arguments. The trial court sustained these objections to the record.

On August 17, 1978, the trial court overruled appellants' amended motion for a new trial. The motion requested a new trial based on the failure of the record on appeal to include the jury arguments. Attached as an exhibit to the motion was a letter dated July 7, 1977, from appellant Gamble's attorney, the Honorable Reed Jackson, to Mr. Jim Broom, Official Court Reporter for the 87th Judicial District Court. In the letter, Jackson requested that Broom transcribe all of his notes from the trial including jury arguments. On October 31, 1977, appellant Davis' attorney, the Honorable Steven Neal, requested that Broom transcribe the final arguments in the trial. Finally on March 8, 1978, Broom signed an affidavit which stated as follows:

"I, Jim C. Broom, who was employed as the Official Court Reporter in and for the 87th Judicial District of Texas when this was tried, am unable to produce the final arguments of the above captioned case

due to the fact that the notes of said case were destroyed after the Statement of Facts was prepared. The final arguments were not included in the original Statement of Facts due to a misunderstanding between Mr. Jackson and myself."

In spite of the fact that the trial court had earlier sustained appellants' objections to the record, the record was approved without the jury arguments on August 17, 1978.

Art. 40.09, Sec. 4, V.A.C.C.P., provides in part:

"At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments. . . ."

In *Timmons v. State*, 586 S.W.2d 509 (Tex.Cr.App.), this Court was confronted with a situation in which the court reporter had lost his notes from the entire trial. In that case, we stated:

"It is well settled that the burden is on an appellant to establish that he had been deprived of his statement of facts. *Couch v. State*, 158 Tex.Cr.R. 292, 255 S.W.2d 223, 224 (1953). To be entitled to a reversal of judgment of conviction where the statement of facts is not filed, an appellant must show due diligence in requesting it and that failure to file or to have the statement of facts timely filed is not in any way due to negligence, laches, or other fault on the part of the appellant and his counsel. *Randolph v. State*, 155 Tex.Cr.R. 432, 234 S.W.2d 235 (1950); *Little v. State*, 131 Tex.Cr.R. 164, 97 S.W.2d 479 (1933); *Roberts v. State*, 62 Tex.Cr.R. 7, 136 S.W. 483 (1911). Indeed, the circumstances in such cases should be viewed from the appellant's standpoint, *Young v. State*, 172 S.W.2d 500 (Tex.Cr. App.1943), and any reasonable doubt is resolved in favor of the appellant. *Lamkin v. State*, 138 Tex.Cr.R. 311, 136 S.W.2d 225, 228 (1940)."

The State contends that the failure to include jury arguments in the record on

appeal is harmless in view of the fact that the appellants have not alleged any errors which occurred during jury argument. The State relies on *Jones v. State*, 496 S.W.2d 566 (Tex.Cr.App.), in which the Court held that the failure of the court reporter to transcribe and include the voir dire examination is not reversible error unless there is a claim by the appellant that an error occurred during the voir dire examination.

In *Ex Parte Jones*, 562 S.W.2d 469 (Tex. Cr.App.), the appellant Jones was back before this Court by way of a post-conviction writ of habeas corpus. In that case, it was noted that in *Cartwright v. State*, 527 S.W.2d 535 (Tex.Cr.App.), the requirement of *Jones v. State, supra,* that harm or prejudice must be alleged to mandate reversal for a violation of Art. 40.09, Sec. 4, *supra,* was overruled. *Ex Parte Jones, supra* at 470. Thus, the State's contention in the instant case is without merit.

The record reflects that both appellants timely requested that the reporter take notes of the arguments and that those notes be transcribed to be included in the record on appeal. Although the court reporter stated that notes were not included due to a "misunderstanding" with one of the attorneys, neither the nature of, nor the fault for that misunderstanding is revealed. Appellants' repeated attempts to have the notes transcribed indicates due diligence on their part and any reasonable doubt must be resolved in favor of the appellants. See, *Lamkin v. State, supra.*

The judgments are reversed and the causes remanded.