Kenneth Wayne DUNN, Appellant,

v.

The STATE of Texas, Appellee.

No. 68948.

Court of Criminal Appeals of Texas, En Banc.

April 8, 1987.

Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Timothy G. Taft & Rusty Hardin, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION

CLINTON, Judge.

Appellant was convicted of capital murder, V.T.C.A. Penal Code, § 19.03(a)(2), and sentenced to death, Article 37.071, V.A.C.C.P. In nine points of error,[1] he contends that he is entitled to a new trial because the record on appeal does not contain a complete transcription of the court reporter's notes of the proceedings in his case (hereinafter also referred to as "the statement of facts"). Appellant does not challenge the sufficiency of the evidence to support the judgment and sentence. Because we agree that this conviction cannot be affirmed on the record before us, we will reverse.

Appellant's automatic appeal under then Article 37.071(f), supra, (now (h), Acts 1981, 67th Leg., p. 2673, ch. 725, § 1), began when sentence was assessed November 17, 1980. See also Article 44.08(a), V.A.C.C.P., and now Tex.R.App.Pro. Rule 40(b)(1). The record on appeal was finally approved, Article 40.09, § 7, V.A.C.C.P., on January 22, 1985, over four years later. Despite repeated attempts during those four years to complete the record on appeal, however, the transcription of the following portions of the court reporter's notes remains absent: (1) part of the evidentiary hearing held on thirty seven pretrial motions, dealing primarily with discovery and pleading concerns; (2) part of the voir dire examination of venireperson Simms and all of the examination of venireperson Emley, excused respectively on the State's challenge for cause and appellant's peremptory challenge; and (3) all of the testimony of G. Tatum, who was the court reporter for most of appellant's trial, elicited at the punishment stage of the proceedings. Appellant argues that these omissions mandate a reversal of this cause, *inter alia*, under Articles 37.071 and 40.09, V.A.C.C.P.

Appellant correctly contends that he is entitled to a record on appeal containing a verbatim transcription of these portions of the court reporter's notes. By timely filed written motions, he requested that the court reporter "take shorthand notes of" the voir dire examinations and all subsequent proceedings. The trial court properly granted this request. See Article 40.09, § 4, supra; *Soto v. State*, 671 S.W.2d 43, 45 (Tex.Cr.App.1984). The court reporter did, in fact, take notes of all the proceedings in this case, including all of those portions now missing from the record on appeal.[2] After assessing sentence, the trial court ordered the court reporter to "prepare a statement of facts in question and

---

1. In a tenth point of error, appellant claims that he was erroneously denied his right to proceed pro se at trial. See *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Funderburg v. State*, 717 S.W.2d 637 (Tex.Cr.App.1986). Although appellant also asserted that his initial request to proceed pro se and the court's comments and rulings thereon are missing from the record, we note that a full and complete hearing on appellant's request, along the lines required by *Faretta* and *Funderburg*, appears in the record during an interruption of the voir dire examination of the second venireperson. Because of the disposition of the other points of error, we do not decide whether the trial court correctly denied this request.

Appellant also raises six new points of error in a pro se supplemental brief filed with this Court on March 23, 1987. However, he is also represented before this Court by counsel and that counsel has briefed and argued this case. This Court has held that an accused in this context is not entitled to hybrid representation on appeal. *Rudd v. State*, 616 S.W.2d 623, 625 (Tex.Cr.App.1981); *Landers v. State*, 550 S.W.2d 272 (Tex.Cr.App.1977) (On State's motion for rehearing).

2. Although appellant's pretrial motions did not designate the pretrial evidentiary hearing as one of the proceedings of which shorthand notes should be made, it is clear that the court reporter was present at that hearing and did take such notes.

answer form of the testimony" in the case.[3] Article 40.09, § 3, supra, provides that *"a transcription of all or any part of the proceedings shown by notes of the reporter to have occurred before, during or after the trial ... will constitute the statement of facts for the appeal."* [4] See *Timmons v. State*, 586 S.W.2d 509, 510, n. 2 (Tex.Cr. App.1979). Consequently, under the terms of the pertinent orders of the trial court, appellant is entitled to a record on appeal containing a complete transcription of all the notes taken by the court reporter during the proceedings in his case, including those portions not included in the record before us. See Article 40.09, § 5, supra ("The court reporter shall report any portion of the proceedings requested by either party or directed by the court.") [5]

It has long been the rule in this State that "[w]hen an appellant, through no fault of his own or his counsel's, is deprived of a part of the statement of facts which he diligently requested, the appellate court cannot affirm the conviction." *Austell v. State*, 638 S.W.2d 888, 890 (Tex.Cr.App. 1982). See also *Gamble v. State*, 590 S.W.2d 507 (Tex.Cr.App.1979); *Timmons*, supra, at 512; *Pierson v. State*, 147 Tex. Cr.R. 15, 177 S.W.2d 975, 976 (1944); *Navarro v. State*, 141 Tex.Cr.R. 196, 147 S.W.2d 1081, 1085 (1941) (Opinion on motion for rehearing); and now also Tex.R. App.Pro Rules 210(a) and 50(e).[6] Further, this rule has been applied whether all or only a portion of the statement of facts was omitted. See *Austell*, supra (voir dire

---

**3.** Also at that time, appellant's trial counsel filed a pauper's oath, which appellant refused to sign, requesting a free transcription of the statement of facts. See Article 40.09, § 5, supra. After appropriate inquiries, the court entered findings that appellant had been represented by appointed counsel at trial, was "unable to pay or give security," *id.*, for a transcription, that he had been informed of "his right to appeal as an indigent ... stated that he did desire to appeal as an indigent," and that he "is represented on appeal by appointed counsel." Appellant subsequently excused this counsel and retained new appellate counsel. That counsel withdrew about two years into the chronicled events, apparently because appellant had not paid his fee. Appellant then filed a sworn pauper's oath, which the trial court granted on November 11, 1982. Appellant's present counsel was then appointed and the clerk and court reporter were again ordered to "prepare a statement of facts in question and answer form."

In any event, appellant is clearly pursuing this appeal as an indigent. He therefore also has a statutory and constitutional right to an "adequate" appellate record at State expense. See *Abdnor v. State*, 712 S.W.2d 136, 139–140 (Tex. Cr.App.1986); *McGee v. State*, 711 S.W.2d 257 (Tex.Cr.App.1986) and cases and statutes cited therein; and now also Tex.R.App.Pro. Rule 53(j)(2).

**4.** All emphasis is supplied by the writer of this opinion unless otherwise indicated.

**5.** Moreover, because this is a death penalty case, we must review this judgment and sentence under the automatic and mandatory appellate procedure established by Article 37.071(f) (now (h)), V.A.C.C.P. Until that review is complete, execution of appellant's sentence is "suspended." Article 42.04, V.A.C.C.P. This Court may not *begin* such review, however, until the sentencing

court certifies "the *entire* record." Article 37.-071(f), supra. This requirement is not a mere formality. Rather, it is an essential component of the procedure chosen by the Legislature "to ensure that 'this unique penalty [is not] wantonly and ... freakishly imposed,' *Furman v. Georgia*, 408 U.S. 238, 310, 92 S.Ct. 2726, 2763, 33 L.Ed.2d 346 (1972); *Jurek v. Texas*, 428 U.S. 262, 276, 96 S.Ct. 2950, 2958, 49 L.Ed.2d 929 (1976)." *McGee*, 711 S.W.2d at 260 (Clinton, J., concurring). See also *Pulley v. Harris*, 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984) (Stevens, J., concurring) (suggesting that "meaningful appellate review" is essential to death penalty's constitutionality); and *Earvin v. State*, 582 S.W.2d 794, 797 (Tex.Cr.App.1979), cert. denied, 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 175, reh. denied, 444 U.S. 985, 100 S.Ct. 492, 62 L.Ed.2d 414 (1979) (where, even though defendant failed to refer to the specific pages in the record wherein his claim of error was supported by testimony in violation of Article 40.09, § 9, V.A. C.C.P., this Court "made an independent search of the record" to ascertain if it supported the defendant's allegations "since the extreme penalty was assessed"); but see *Hawkins v. State*, 613 S.W.2d 720, 735, n. 47 (Tex.Cr.App.1981) cert. denied, 454 U.S. 919, 102 S.Ct. 422, 70 L.Ed.2d 231, reh. denied, 454 U.S. 1093, 102 S.Ct. 660, 70 L.Ed.2d 632 (1981).

**6.** Rule 210(a) provides that Rules 50 through 55 "govern preparation and filing of the record on appeal of a case in which the death penalty has been assessed." Rule 50(e) in turn provides in pertinent part that:

"If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts."

examination); *Gamble,* supra (final arguments during guilt and punishment before the jury); and, *Hartgraves v. State,* 374 S.W.2d 888, 890 (Tex.Cr.App.1964) (hearing on motion for new trial).

> "[T]he burden is on appellant to establish that he ha[s] been deprived of his statement of facts. [citation omitted] To be entitled to a reversal of judgment of conviction where the statement of facts is not filed, an appellant must show due diligence in requesting it and that failure to file or to have the statement of facts timely filed is not in any way due to negligence, laches, or other fault on the part of the appellant and his counsel. [citations omitted] Indeed, the circumstances in such cases should be viewed from the appellant's standpoint, [citation omitted] and any reasonable doubt is resolved in favor of the appellant."

*Timmons,* supra, at 512. See also *Gamble,* supra, at 508.

After reviewing the record, we conclude that appellant exercised due diligence in attempting to secure a complete statement of facts. Objections to the incomplete state of the record were filed by the State the day after the parties were first notified of the completion of the record on appeal. See Article 40.09, § 7, supra. Thereafter, additional objections to the record's continuing incompleteness were timely filed by both appellant and the State each time the district clerk informed them of the record's "further completion." Appellant twice received extensions of time (totalling over one and a half years) in which to file the record in this Court. See then Article 40.-09, § 16, (redesignated as § 13, Acts 1981, 67th Leg., ch. 291 § 108, p. 804, eff. Sept. 1, 1981) supra; see now Tex.R.App.Pro. Rule 54(c). During that time, he unsuccessfully pursued contempt proceedings against the court reporter under Article 1911a, V.A.C.S. See, e.g., *Ex parte Contreras,* 586 S.W.2d 550, 551 (Tex.Cr.App. 1979). After expiration of the extensions, appellant moved this Court to reverse his conviction upon the district clerk's certificate of the record's continuing incompleteness. We denied that motion but commanded the court reporter to show cause

for his continuing failure to transcribe all his notes. *Ex parte Gary Tatum,* No. 69,012 (Tex.Cr.App., delivered July 13, 1982). His sworn response confirmed that these portions of his notes were hopelessly lost. No further action was taken by this Court.

Beginning March 8, 1984, the trial court, over appellant's objection and reurged motion for new trial, proceeded, on motion of the State, to "reconstruct" the missing portions of the record. After testimony from all the trial participants, venireperson Simms and Emley, the court reporter and pertinent personnel from the posttrial divisions of the district attorney's and clerk's offices, the trial court entered findings of fact and conclusions of law regarding the state of the appellate record. Appellant timely objected to the findings and conclusions and again reurged his motion for new trial. With respect to appellant's diligence in attempting to secure a complete statement of facts, the trial court made the following factual findings:

"＊ ＊ ＊

▪ Any delays [in preparing the record] were the result of the difficulty involved in locating the court reporter and having to work through the trial counsel to determine what portions were missing from a record which was poorly organized.

▪ The search for the missing portions of the testimony recorded by ... Tatum was conducted by Mr. Tatum going through his notes for the proceeding four or five years several times under the close direction of the court who weekly called Mr. Tatum in to report on his progress. All efforts to find the missing notes have been fruitless.

The search for the court reporter who recorded ... Tatum's testimony [at the punishment phase of the trial] has been carried out exhaustively ... to no avail. All court personnel present at trial have been asked and no one remembers who recorded [this] testimony.

▪ The completion of as much of the record as there is has been a mammoth

task involving the cooperation of all parties involved.

Due diligence was exercised by the Appellant in an attempt to have the transcription of the court reporter's notes timely filed.

The failure to file the transcription of these notes is not in any way due to negligence, laches, or other fault on the part of Appellant or his counsel."

Our review of the record reveals ample support for these findings. See Article 40.09, § 4, supra. On these facts, it is clear that appellant exercised due diligence. See *Austell,* supra; *Gamble,* supra; *Timmons,* supra; and also *Ex parte May,* 510 S.W.2d 606 (Tex.Cr.App.1974) and cases discussed therein.[7]

Nevertheless, the State contends that appellant is not entitled to a new trial. Instead, it argues that where only a portion of the record is lost, and extensive efforts have been undertaken to reconstruct those missing portions, an appellate court should review on a case by case basis and affirm the judgment and sentence unless appellant shows that he has been "actually harmed by the inadvertent loss or destruction of a court reporter's notes." The State cites *Summerford v. State,* 627 S.W.2d 468 (Tex.App.—Houston [1st] 1981) no PDR, and *McClendon v. State,* 643 S.W.2d 936 (Tex.Cr.App.1982), in support.

A review of the caselaw, however, reveals that this Court has consistently rejected the rule now urged upon us by the State. See, e.g., *Gamble,* supra, at 509,

*Austell,* supra, at 890 and *Soto,* supra, at 45–46. Instead, we have long held that the omission of a portion of the statement of facts from the record on appeal mandates reversal irrespective of whether the accused shows, *or even alleges,* that he suffered harm thereby. *Id.* Moreover, because this is a death penalty case,

"[w]e may not shirk our duty to review 'the entire record' [Article 37.071(h)] on grounds that an appellant has not shown 'harm' in being denied portions of a transcription of notes taken by the court reporter during the course of the trial of a capital case. That this Court have before it the entire record in a capital case serves a public policy which considers assuring evenhanded imposition of the ultimate penalty as important, if not more so, than faulting the one condemned for inability to demonstrate on appeal how an error resulted in disadvantage."

*McGee v. State,* 711 S.W.2d 257, 260 (Tex. Cr.App.1986) (Clinton, J., concurring).

Thus, over forty years ago, this Court reversed the murder conviction of a death sentenced defendant because he had "been deprived, without fault or negligence on his part, of a statement of facts and bill of exception" *without mention of any allegation or showing of harm by defendant. Pierson,* supra, 177 S.W.2d at 976 and 980. See also *Little v. State,* 131 Tex.Cr.R. 164, 97 S.W.2d 479 (1936). *Summerford* and *McClendon,* both supra, do not alter that result.[8] Now, as then, we consider it a

**7.** We also note that sometime after the trial court entered these findings, appellant filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C.A., § 2254. *Dunn v. McCotter,* D.C. No. CA–H–84–3840. That petition was denied without prejudice. That action was affirmed by the United States Court of Appeals upon grounds of comity and failure to exhaust State remedies. *Dunn v. McCotter,* 808 F.2d 55 (C.A.5, 1986).

**8.** In *Summerford,* the court of appeals affirmed a conviction under V.T.C.A. Penal Code, § 19.02 over defendant's claim that the State had "suppressed evidence favorable to the accused prior to and during" trial, even though the record on appeal did not contain a transcription of the court reporter's notes of the evidentiary hearing

on defendant's motion for new trial. Noting that only one witness testified at that hearing, that the trial court offered to allow appellant to relitigate the motion after the loss of the court reporter's notes was discovered, that it "must [be] presume[d] that [the witness] would have testified the same" at the second hearing as he did at the first so that "all the same evidence adduced at the [first] hearing should have been available" at the second, 627 S.W.2d at 471, the court concluded that Summerford had not exercised due diligence in attempting to secure a complete statement of facts.

In *McClendon* a panel of the Court affirmed an attempted aggravated rape conviction even though the court reporter did not take shorthand notes of the final arguments at punishment. Observing that defendant was not denied

fundamental and axiomatic rule of law that "[n]o man should suffer the penalty of death at the hands of the law until he has been accorded all his legal rights." *Pierson,* supra, at 980.

The judgment is therefore reversed and the cause is remanded to the trial court.

ONION, P.J., and W.C. DAVIS and WHITE, JJ., dissent.

McCORMICK, MILLER and CAMPBELL, JJ., concur in result.

TEAGUE, J., not participating.

an opportunity to *make* a final argument, that the punishment phase was conducted before the court sitting without a jury, that defendant's request that the court reporter take notes extended only to "all final arguments *made to the jury,*" 643 S.W.2d at 939, n. 4, and that no Texas court has ever ordered a new punishment hearing "due to prosecutorial error committed in the argument made to the trial judge, sitting without a jury," 643 S.W.2d at 939, it concluded:

> "[i]n the event appellant lodged a timely specific objection to any improper argument by the prosecutor which was adequate to preserve the question for review by this Court, we are satisfied the trial court disregarded the argument."

These cases are clearly distinguishable on their facts; neither involves a "reconstruction" of a missing record. Summerford was given an opportunity to relitigate his motion for new trial in a *de novo* proceeding; in essence the very

remedy that we now hold appellant must receive. Summerford rejected that remedy, however, and so could properly be said to have waived his right to a statement of facts of the hearing by failing to exercise due diligence. Here, by contrast, we are asked to substitute a record of recollections compiled four years after trial for the lost verbatim transcription of the actual events at trial. We decline to do so. See and compare Article 759a, § 1 E, V.A.C.C.P. (1925) to then Article 40.09, § 14 (relocated at § 11 after Acts 1981, 67th Leg., ch. 291 § 108, p. 804, eff. Sept. 1, 1981), supra, and Tex.R.App. Pro Rule 50(e). Compare also *Hilliard v. State,* 401 S.W.2d 814 (Tex.Cr.App.1966) and *Cartwright v. State,* 527 S.W.2d 535, 552, n. 1 (Tex. Cr.App.1975) (Odom, J., concurring). Nor can we presume here, as we did in *McClendon,* that any error which may have occurred in those parts of trial for which a statement of facts was not included in the record was disregarded or corrected, or could never be reversible error.