Tommy David SHEFFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–89–033–CR.

Court of Appeals of Texas,
Beaumont.

Aug. 30, 1989.

Douglas M. Barlow, Beaumont, for appellant.

John R. DeWitt, Beaumont, for the State.

OPINION

BURGESS, Justice.

A jury convicted appellant of aggravated robbery and assessed his punishment at ten years' confinement in the Texas Department of Corrections. Appellant urges a single point of error.

Appellant argues he has been denied a complete record on appeal, thereby a rever-

sal is required. Through a mix-up, a deputy district clerk returned state's exhibits one through four and defendant's exhibits one through eleven to an investigator for the district attorney who destroyed the exhibits. The trial court ordered the parties to attempt to reconstruct the evidence, but ultimately reached the conclusion that "such action is impossible" and "the net effect of these errors is that all the trial evidence has been destroyed and cannot be reconstructed." It is curious that the exhibits could not have been reconstructed since they were photographs. We, however, cannot go behind the finding and conclusion of the trial judge who is in a superior position to make such findings.

 Had a reconstruction been possible, there would be no error. *See Harris v. State*, —— S.W.2d —— No. 69,366 (Tex. Crim.App. June 28, 1989) (not yet reported). However, when an appellant is deprived of a portion of the statement of facts, then a reversal is required irrespective of harm. *Dunn v. State*, 733 S.W.2d 212 (Tex.Crim. App.1987). Exhibits are part of the appellate record. *Durrough v. State*, 693 S.W.2d 404 (Tex.Crim.App.1985). The record, therefore is incomplete, and a reversal required. The judgment is reversed and remanded.

REVERSED AND REMANDED.

BROOKSHIRE, J., dissents and files an opinion.

BROOKSHIRE, Justice, dissenting.

Appellant, Sheffield, urges a single point of error. The point of error is:

"Appellant has been denied a complete Record on Appeal, requiring a reversal of this case."

Appellant's contention is that his basic defense is that of mistaken identity. It is true that some of the State's Exhibits, as well as the Appellant's exhibits, were not included in the record. However, *TEX.R. APP.P. 50(d)* provides that the burden is on the Appellant, or other party, who is seeking review, to see that a sufficient record is presented to show error of the gravity to require reversal. *TEX.R.APP.P. 50(e)* provides that when a record, or any portion thereof, is lost or destroyed it may be substituted in the trial court.

In *Harris v. State*, 638 S.W.2d 914 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd), the court reasoned that, since the Appellant's counsel had not made an attempt to reconstruct the missing portion of the record, a reversal was not forthcoming. The court reasoned that the Appellant and the Appellant's counsel had not availed themselves fully of the provisions of the then-in-effect *TEX.CODE CRIM.PROC. ANN. art. 44.11* (Vernon 1979). Therefore, the Appellant could not complain that the record was incomplete. *TEX.CODE CRIM.PROC.ANN. art. 44.11* (Vernon 1979) has been realistically replaced by *TEX.R.APP.P. 50(e)*.

As I read the record, this Appellant had two different attorneys at different phases of the trial and the appeal and neither one requested the photographs. Interestingly, there was a contested motion for new trial filed by the Appellant in this case by his District Court lawyer. It is clear that the motion for new trial was based on the Appellant's having failed to receive "Brady" type of material from the State. The motion for new trial was based on the Appellant's allegations that he had not been furnished any details of any exculpatory evidence known to be in existence. The Appellant, in his Motion for New Trial, asked for any *"Brady v. Maryland* material". In the second paragraph of the motion, the Appellant wanted to show that the complaining witness had actually misidentified the *defendant in the courtroom*. No complaint was made of the photographs.

Although the Appellant says that he has used diligence to obtain a complete record, he has not shown diligence to reproduce the misplaced photographs. There is nothing to show that the Appellant, with the use of due diligence, could not have reproduced the photographs. Nor is it shown that the Appellant no longer had the negatives of the photographs. Appellant has a different lawyer on appeal. The record fails to reflect that his previous trial attorney was contacted about the photographs

or the negatives. As a minimum of diligence, the appellate attorney should have contacted the trial counsel to see if he had the negatives or duplicate photos. A careful trial lawyer would probably not go to trial with only one developed photo. If the single photo was lost or misplaced, there would be no duplicate for trial purposes. It is not easily perceived why the Appellant would complain about the State's exhibits.

It is clear, from the attachments and affidavits attached to the Motion for New Trial (which was vigorously urged), that the question of identity of the Appellant had to do with the identification made by the complaining witness during the trial on the merits; that is, the complaining witness' testimony from the witness stand before the jury. The same did not involve photographic exhibits.

Since *TEX.R.APP.P. 50* was not followed, I respectfully disagree.