Adame-J v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-025-CR

     JAVIER ADAME,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 12,250
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant was charged by indictment on September 26, 1990, for the offense of aggravated
sexual assault in four counts. The Appellant being indigent, the trial court on October 17, 1990,
appointed the Honorable Sandy Gately, Attorney-at-Law, to represent Appellant. In the
meantime, Ms. Gately was appointed District Attorney of Coryell County; whereupon, on
February 25, 1991, Ms. Gately filed a motion to withdraw as counsel for Appellant, after which
the trial court recused her from representing Appellant and appointed the Honorable Russell Hunt,
Attorney-at-Law, to represent Appellant. Then on October 1, 1991, Ms. Gately filed a motion
to recuse herself from representing the State and to appoint a special prosecutor to take her place;
whereupon, the trial court recused Ms. Gately and appointed Assistant District Attorney Rusty
Carroll to prosecute the case.
      On November 4, 1991, about two weeks before trial commenced, Mr. Hunt filed a written
request that the court reporter record specific testimony. In summary, this request moved the
court to instruct the court reporter to record the entire voir dire examination of the jury panel, all
testimony of the witnesses, the objections of the prosecution and defense, rulings of the court, all
communications between the court and counsel at the bench outside the jury's presence, all
communication between the court and jury, the final arguments to the jury by both sides, and all
testimony at hearings before the court outside the presence of the jury.
      On November 18, 1991, Appellant pleaded guilty to the indictment and elected to have the
punishment assessed by the jury. After trial on November 18 and 19, 1991, the jury assessed
Appellant's punishment at 40 years in the Texas Department of Criminal Justice, Institutional
Division. After notice of appeal was given, the trial court appointed the Honorable Dori Ray
Chandler to represent the Appellant on appeal.
      On February 13, 1992, Ms. Chandler filed a Designation of Contents requesting the court
reporter to prepare the transcript of all the evidence in question and answer form.
      Appellant comes to this court on two points of error; however, since we sustain Appellant's
first point of error and thereby reverse and remand for a new trial, it is not necessary for us to
discuss Appellant's second point of error.
      By Appellant's first point, he contends that he has not been afforded a true and correct copy
of the statement of facts on appeal. The State has not filed a brief.
      Without detailing the sequence of events, Appellant was obliged to secure four extensions of
time in which to file the statement of facts, three extensions having been granted by the trial court,
and one by this court. The transcript, the tapes and court reporter's notes were then transferred
from the court reporter who recorded the trial to the new official court reporter, Jacquelyn Wilson. 
Ms. Wilson then discovered that the audio tapes of the trial were the only record made. The
statement of facts before this court was prepared from the audio tapes. Ms. Wilson's certificate
at the end of the statement of facts contains the following language: 
" . . . I was requested to proofread the statement of facts in said case, and after reviewing
it with the tape recording of said trial, discovered many errors in said statement of facts. 
This transcription of State of Texas versus Javier Adame is a true and correct
transcription of said tape recording to the best of my skill and ability." 
Ms. Wilson also certified that she herself was not present at the trial and did not report any of the
trial.
      Section 52.046(a) of the Government Code, Vernon's Texas Code Annotated provides:
"(a) On request, an official court reporter shall:
(1) attend all sessions of the court;
(2) take full shorthand notes of oral testimony offered before the court,
including objections made to the admissibility of evidence, court rulings and
remarks on the objections, and exceptions to the rulings;
(3) take full shorthand notes of closing arguments if requested to do so
by the attorney of a party to the case, including objections to the arguments,
court rulings and remarks on the objections, and exceptions to the rulings;
(4) preserve the notes for future reference for three years from the date
on which they were taken; and
(5) furnish a transcript of the reported evidence or other proceedings,
in whole or in part, as provided by this chapter."
      We are of the opinion and hold that in the case at bar, the above-quoted statute was not
complied with. 
      It is incumbent upon an appellant, whether indigent or not, to exercise diligence in securing
a copy of the transcription of the court reporter's notes. Abdnor v. State, (Tex. Crim. App. 1986)
712 S.W.2d 136, and the authorities cited at page 141. In the case at bar, we believe the
Appellant exercised such diligence.
      A Texas trial judge has a duty under the Federal and State Constitutions to provide an indigent
defendant with an adequate record on appeal. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100
L.Ed 891 (1956); Abdnor v. State, (Tex. Crim. App. 1986) 712 S.W.2d 136, 139.
      Our Court of Criminal Appeals in Dunn v. State, (Tex. Crim. App. 1987) 733 S.W.2d 212,
at page 214 says:
"It has long been the rule of this State that when an appellant, through no fault of his
own or his counsel's, is deprived of a part of the statement of facts which he diligently
requested, the appellate court cannot affirm the conviction. Austell v. State, (Tex. Crim.
App. 1982) 638 S.W.2d 888. See also Gamble v. State, (Tex. Crim. App. 1979) 590
S.W.2d 507, . . . ."
      The circumstances in such cases (as in the case at bar) should be viewed from the Appellant's
standpoint, and any reasonable doubt is resolved in favor of the Appellant. Dunn, supra; Timmons
v. State, (Tex. Crim. App. 1979) 586 S.W.2d 509, 512.
      For the reasons stated hereinabove, we sustain Appellant's first point of error and thereby
reverse the judgment and remand the cause to the trial court for retrial.
 
                                                                                     JOHN A JAMES, JR.
                                                                                     Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Justice James (Retired)
Reversed and remanded
Opinion delivered and filed June 16, 1993
Do not publish