In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-067 CR


____________________



CHARLES MICHAEL THERIOT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 2


Jefferson County, Texas


Trial Cause No. 244594






MEMORANDUM OPINION


 Charles Michael Theriot appeals his conviction of misdemeanor driving while
intoxicated. Theriot timely requested that the court reporter prepare the reporter's record for
filing on appeal and specifically asked that all exhibits be included. See Tex. R. App. P.
34.6(a),(b). The reporter's record initially did not contain the videotape of the traffic stop
and the interview between Theriot and the arresting officer. Instead, the exhibit volume filed
with this Court contains a notation that the videotape was "in possession of the district
attorney." In response to our order, the court reporter later forwarded a tape marked "State's
Exhibit 1" to this Court. In his brief filed before the court reporter supplemented the record,
Theriot's sole complaint is he was denied a complete record on appeal and therefore is
entitled to a new trial. 

 Theriot asserts he is precluded from pursuing a meaningful appeal because State's
Exhibit No. 1 was omitted from the record and was, instead, in the State's possession. 
Theriot argues generally there are inconsistencies between the officer's trial testimony and
the videotape's contents. Theriot contends the videotape is necessary to his appeal because
his counsel and this Court need to review the tape to determine whether the evidence was
factually and legally sufficient to support his conviction. Because the State, an interested
party, had possession of the videotape when it should have been included in the record,
Theriot argues the videotape was not part of the record. He further stated he would object
to any supplementation of the record with the videotape because he would question its
authenticity. Theriot claims he is entitled to a new trial pursuant to Texas Rule of Appellate
Procedure 34.6(f). 

 The State filed its brief after the reporter filed the videotape with this Court. The State
maintains the record now establishes the videotape was in the trial court's possession until
the court reporter filed the tape with this Court. The State argues the exhibit, now part of the
record, moots Theriot's only issue on appeal. 

 At or before the time for perfecting an appeal, the appellant must request in writing
that the official court reporter prepare the reporter's record and must designate which exhibits
to include. Tex. R. App. P. 34.6(b)(1). The court reporter is responsible for filing any
exhibits requested by the parties. Tex. R. App. P. 34.6(a). If a relevant exhibit is omitted
from the reporter's record, any party or the appellate court may direct the reporter to file a
supplemental reporter's record containing the omitted exhibit. Tex. R. App. P. 34.6(d). If
someone other than the trial court clerk has possession of an original exhibit, we may order
that person to turn over the exhibit to the clerk. See Tex. R. App. P. 34.6(g)(1). The rules
anticipate supplementation of the appellate record to include for review any relevant item
omitted from the record. See Tex. R. App. P. 34.5(c); 34.6(d). If a dispute regarding the
record's accuracy arises after the record is filed, the appellate court "may submit the dispute
to the trial court for resolution. . . . [and] [t]he trial court must proceed as under subparagraph
(e)(2)." Tex. R. App. P. 34.6(e)(3); see Tex. R. App. P. 34.6(e)(2). Appellant has not
requested this relief after the court reporter filed State's Exhibit 1 with the Clerk of this
Court. 

 In arguing for a new trial, Theriot relies on cases involving loss or destruction of
exhibits or part of the reporter's record. See Gomez v. State, 962 S.W.2d 572 (Tex. Crim.
App. 1998) (defendant not entitled to new trial where lost or destroyed exhibits were not
necessary for appellate review); Dunn v. State, 733 S.W.2d 212 (Tex. Crim. App. 1987)
(defendant entitled to new trial where court reporter offered sworn response to appellate
court that he lost notes to part of evidentiary hearing, voir dire, and one witness's testimony);
Sheffield v. State, 777 S.W.2d 743 (Tex. App.--Beaumont 1989, no pet.) (defendant entitled
to new trial where deputy district clerk mistakenly returned exhibits to an investigator who
destroyed them and they could not be reconstructed); Martin v. State, 744 S.W.2d 658 (Tex.
App.--Beaumont 1988, no pet.) (defendant entitled to new trial based on incomplete
transcription of audio recording where audio tapes missing were not likely to be located). 
Theriot also relies on Rule 34.6(f) which similarly applies to a record, or a portion thereof,
that is lost or destroyed. See Tex. R. App. P. 34.6(f); see also Routier v. State, 112 S.W.3d
554, 570 (Tex. Crim. App. 2003). Theriot did not establish the videotape was lost or
destroyed, and the court reporter has forwarded to this Court a videotape marked as "State's
Exhibit 1." See Johnson v. State, 151 S.W.3d 193 (Tex. Crim. App. 2004) (appellant not
entitled to new trial where portions of court reporter's record could not be considered lost
because they were retrievable). 

 By letter, the Clerk of this Court notified appellant the exhibit was filed with this
Court, and the Court allowed appellant fifteen days to notify this Court if he wished to raise
additional points of error in a supplemental brief. Appellant did not respond or file a
supplemental brief raising any other issues. He has not explained in what way he considers
the evidence legally or factually insufficient. He has not requested that we proceed pursuant
to Rule 34.6(e)(3). See Tex. R. App. 34.6(e)(3). If any authenticity objection had been
presented to this Court after the record was supplemented, an abatement to permit the trial
court to determine the issue pursuant to Rule 34.6(e) would be the appropriate remedy. See
id. Because the record now includes the videotape and a Rule 34.6(e) determination has not
been requested, the only issue appellant raises -- the absence of the videotape from the
appellate record -- is moot. The issue is overruled, and the judgment is affirmed.

 AFFIRMED.


 ____________________________

 DAVID GAULTNEY Justice


Submitted December 21, 2005

Opinion Delivered May 10, 2006

Do Not Publish

 

Before McKeithen, C.J., Gaultney and Horton, JJ