NO.
12-08-00357-CR

 

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

RAY
CHARLES HAWKINS,                             '                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

            Ray
Charles Hawkins appeals from his conviction for indecency with a child.  In one
issue, Appellant argues that he should be granted a new trial because the
reporter’s record for his trial is unavailable.  We reverse and remand for a
new trial. 

 

Background

            Appellant
was convicted of indecency with a child in September 1993 and was sentenced to
imprisonment for twenty years.  Appellant attempted to appeal his conviction in
1994, but he did not timely file his notice of appeal, and this court dismissed
his appeal.  See Hawkins v. State, No. 12-94-00028-CR
(Tex. App.–Tyler Feb. 17, 1994, no pet.) (per curiam) (not designated for
publication).  More than ten years later, Appellant applied for a writ of
habeas corpus from the court of criminal appeals alleging that he received
ineffective assistance of counsel and seeking an out of time appeal.  See
Ex parte Hawkins, No. AP-75,521 (Tex. Crim. App. Oct. 4, 2006)
(per curiam) (unpublished).  The court of criminal appeals granted relief and
allowed Appellant to file an out of time appeal.  Id.  

            Once
again, Appellant filed notice of appeal.  However, his attorney did not file a
required certification from the trial court, and we dismissed his appeal.  See
Hawkins v. State, No. 12-06-00386-CR, 2007 Tex. App. LEXIS 682 (Tex.
App.–Tyler Jan. 31, 2007, no pet.) (per curiam) (mem. op., not designated for
publication).  Appellant again petitioned the court of criminal appeals for
relief asserting that his appellate counsel had provided ineffective assistance
of counsel.  The court granted relief, and this appeal followed.  Ex
parte Hawkins, No.           AP-75,957, 2008 Tex. Crim. App. Unpub. LEXIS
504 (Tex. Crim. App. July 2, 2008) (per curiam) (unpublished).  

            After
it became apparent that there was a problem with obtaining the record, this
court directed the trial court to hold a hearing on the availability of the
court reporter’s record.  The court held a hearing and determined that the
record of the guilt/innocence portion of the trial could not be produced.  It
is not clear from the record what happened to the notes or recordings. 
According to the court reporter who regularly reported the proceedings in the
trial court, another reporter substituted for him during the guilt/innocence
phase of the jury trial in this case.  That reporter, by an affidavit filed in
this case, said that he had no notes or records that related to this trial and
that he “believe[d]” that he “actually reported” in a different court that
week. 

 

Reporter’s
Record

            In
one issue, Appellant argues that he cannot effectively appeal his conviction
because there is no court reporter’s record.  Accordingly, he argues he is
entitled to a new trial.  

            A
defendant is entitled to a new trial if he has timely requested a reporter’s
record and, without his fault, a significant portion of the court reporter’s
notes and record are lost or destroyed, the lost or destroyed portions are
necessary to the appeal’s resolution, and they cannot be replaced by agreement
of the parties or by other means.  Tex.
R. App. P. 34.6(f).  The parties agree that the transcript of the jury
trial is lost and that it cannot be replaced by agreement.  By virtue of the
court of criminal appeals decision resetting the appellate timetable in this
case, Appellant’s request for a reporter’s record was timely.  See Hawkins,
2008 Tex. Crim. App. Unpub. LEXIS 504, at *1–2 (“All time limits shall be
calculated as if the sentence had been imposed on the date on which the mandate
of this Court issues.”).

The
State’s Arguments

            The
State asserts that Appellant is not entitled to a new trial because the record
is not necessary to the resolution of the appeal.  Additionally, the State
argues that Appellant was not diligent about seeking his appeal.  Accordingly,
pursuant to rule 34.6 and the equitable doctrine of laches, the State argues
that Appellant’s delay in bringing this appeal precludes relief.  

            The
arguments as to laches and Appellant’s fault are predicated on the delay
between the dismissal of Appellant’s appeal in 1994 and his attempt to seek an
out of time appeal in 2006.  The trial court found that Appellant did not
timely file his first notice of appeal or request for a record.  In addition,
the trial court found that Appellant had not done anything from 1994 to 2006 to
attempt to obtain a record.[1]  The trial court found that the
loss of the record was due in part to Appellant’s failure to timely request the
record or to prosecute his appeal.

Laches
and Fault

            Prior
to the adoption of rule 34.6, or its predecessor, rule 50(e), the common law
rule for determining when a new trial should be granted included the laches
doctrine.  See, e.g., Dunn v. State, 733 S.W.2d
212, 215 (Tex. Crim. App. 1987) (quoting Timmons v. State, 586
S.W.2d 509, 512 (Tex. Crim. App. 1979)).  Specifically, an appellant was
required to show that he acted with due diligence and that the failure to file
a record was not due to his or his counsel’s negligence, laches, or other
fault.  Dunn, 733 S.W.2d at 215.

            The
current rule is slightly different.  Rule 34.6(f) requires that a request for
the record be timely and also that the loss of the record have occurred without
an appellant having “fault.”[2]
 Most often
the “fault” provision is invoked when an appellant effectively waives
preparation of the record.  See, e.g., Cheek v. State,
65 S.W.3d 728, 730 (Tex. App.–Waco 2001, no pet.) (defendant at fault because
he did not request or pay for a transcription of the necessary record).  At
least one court has found an appellant at fault in a case where an out of time
appeal was granted.  See Branch v. State, No. 03-07-00118-CR,
2008 Tex. App. LEXIS 3569, at *4 n.1, 16 (Tex. App.–Austin May 16, 2008, pet.
ref’d) (mem. op., not designated for publication).  In that case, the
appellant’s actions were closer to a waiver in that he was a fugitive for many
years and his delay in seeking an appeal caused the clerk to destroy the record
because fifteen years had passed since the trial.  Id. at *15–16;
see also Tex. R. App. P.
13.6 (allowing clerk to destroy notes or recordings of proceedings after
fifteen years).  Neither situation is presented in this case.  Appellant was
not a fugitive, and his request for the record was within fifteen years of the
date of his sentencing.[3] 

The
Branch decision cuts against Appellant’s argument that he cannot
have “fault” when the court of criminal appeals has granted an out of time
appeal.  However, courts that have considered the scope of relief provided when
the court of criminal appeals grants an out of time appeal have treated the
granting of an out of time appeal as a resetting of all time considerations. 
As the court observed in Duran v. State, 868 S.W.2d 879, 882
(Tex. App.–El Paso 1993, pet. ref’d), it would be of little use for the court
of criminal appeals to return an appellant “to the point in time in which he
can give notice of appeal and then allow the absent statement of facts to bring
that process to a halt.”  See also White v. State, 916
S.W.2d 78, 81-82 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd).[4]  Furthermore, the court of
criminal appeals has held that the language used in its opinions granting out
of time appeals should be broadly construed.  See Mestas v. State,
214 S.W.3d 1, 4 (Tex. Crim. App. 2007).  On the other hand, rule 34.6 separates
the consideration of fault from the issue of timeliness.  As the court held in Branch,
a request can be, at once, timely yet too late.  Therefore, we must determine
whether Appellant is at fault and whether the laches doctrine precludes relief.

The
“fault” language contained in rule 34.6 is similar to the common law laches
doctrine adopted by the court of criminal appeals for postconviction collateral
attacks on a conviction.  See Ex parte Carrio, 992 S.W.2d 486,
487 (Tex. Crim. App. 1999).  Even if rule 34.6 did not supplant the laches
doctrine, we conclude that the State may not invoke it successfully here. 
First, the State concedes that it raised the issue of laches when it opposed
each of Appellant’s applications for writ of habeas corpus.[5]
 Accordingly,
we think it reasonable to conclude that the court of criminal appeals decided
this issue against the State’s position when it granted relief two times.  See,
e.g., Harris v. State, 790 S.W.2d 568, 579 (Tex. Crim.
App. 1989) (“Under the doctrine of ‘the law of the case,’ where determinations
as to questions of law have already been made on a prior appeal to a court of
the last resort, those determinations will be held to govern the case
throughout all of its subsequent stages, including a retrial and a subsequent
appeal.”); but see Ex parte Steptoe, 132 S.W.3d 434, 435
(Tex. Crim. App. 2004) (Price, J. concurring) (“Generally we do not look behind
the request for an out-of-time appeal or out-of-time petition for discretionary
review to determine whether we should grant relief.”).

Even
if the court of criminal appeals did not reach that issue–the parties did not
know that the record was lost when Appellant sought habeas relief–the State
must make a particularized showing of prejudice.  In other words, the State
must show that prejudice was caused by Appellant’s delay.  See Carrio,
992 S.W.2d at 488.  The State cannot do this here.  The State argues that if
Appellant had sought an out of time appeal after his first appeal was
dismissed, “the record of this case would most likely be available for the
parties and this Court to review for error.”  We agree that Appellant’s delay
did not improve the situation.  And we appreciate the candor of the State’s
argument.  But its statement that the record would “most likely” be available
had Appellant acted sooner is speculation, and the record does not show that
Appellant’s delay caused the record to be unavailable.  

The
mere passage of time, or the length of the delay, is not a determining factor
when considering whether a party may invoke the laches doctrine.  Id. 
Because there is no evidence showing when the record was lost,[6] it is not possible to conclude
with any accuracy which period of delay is responsible for the loss of the
record.  Finally, given that Appellant was represented by counsel, two of whom
failed to provide effective assistance of counsel, it is difficult to conclude
that he, personally, did not act with reasonable diligence.[7]  

Similarly,
because the record does not show that his delay caused the loss of the record,
we conclude that Appellant is not “at fault” pursuant to rule 34.6.  One
explicit change adopted in the current rule 34.6 is that there is no longer an
imputation of fault to an appellant for the actions of his counsel.  The common
law rule held an appellant accountable for the actions, or inactions, of
counsel, but rule 34.6 does not.  Accordingly, under rule 34.6, the failings of
counsel cannot be imputed to Appellant.  Because whatever residual “fault” that
Appellant bears for his years of inaction cannot be connected to the loss of
the record, and because his request was within the fifteen years that the
record should have been preserved, we conclude that Appellant was not at fault
for the destruction or loss of the record.  

Need
for Reporter’s Record

            Finally,
the State argues that Appellant has failed to show that the missing portion of
the record is necessary to his appeal.  See Tex. R. App. P. 34.6(f).  The trial court found that the
reporter’s record would be necessary to the resolution of the appeal unless
Appellant wished to appeal only those issues relating to the jury selection or
punishment phases of the trial.  This finding is supported by the record, and
it does not appear that Appellant wishes to appeal only those issues relating
to the jury selection or punishment phases of the trial.  

            The
State points out that Appellant was vague when asked at one of the habeas
hearings as to what it was that he wished to appeal.  The State asked, “Do you
have any idea what kind of error occurred at your trial that could be raised on
appeal?”  After an objection and a clarification of the question, Appellant
testified that his attorney would not let him testify at trial, that he had
witnesses who were not called, and that counsel “played sick two or three different
times on the appeal.”  These are not claims for which the record is likely to
provide much information.  Furthermore, Appellant made no showing at all at the
hearing on the availability of the record as to the areas he wished to appeal. 


            But
Appellant is represented by counsel, and it is usually the role of counsel to
identify issues to raise on appeal after reviewing the record.  In Payne
v. State, 802 S.W.2d 686, 687, 689 (Tex. Crim. App. 1990), the court
ordered a new trial after the testimony of three witnesses had been
“irretrievably lost.”  And in Kirtley v. State, 56 S.W.3d 48, 52
(Tex. Crim. App. 2001), the court held that the record of the punishment
hearing was necessary because the defendant could raise the issue of
ineffective assistance of counsel.  

             Here,
the record of the entire trial has been lost except for opening statements, the
voir dire examination, and the sentencing hearing.  From what we can glean from
the record, the trial in this case was not a mere formality or a summary
proceeding.  The case was mistried once, and it related to allegations that
Appellant went on a high school campus and sexually assaulted a young woman. 
Appellant, apparently, did not confess to the offense, and his defense was in
the nature of an alibi.  Accordingly, we conclude that the lost portion of the
transcript is necessary for Appellant’s appeal.  Cf. Routier v.
State, 112 S.W.3d 554, 570–71 (Tex. Crim. App. 2003) (fifty-four pages
not necessary for appeal); Tyler v. State, No. 05-05-01378-CR, 2008
Tex. App. LEXIS 5211, at *9–10 (Tex. App.–Dallas July 15, 2008, pet. ref’d)
(mem. op., not designated for publication) (transcript of two minute opening
statement not necessary for appeal).  We sustain Appellant’s sole issue.

 

Disposition

            Having
sustained Appellant’s sole issue, we reverse and remand
for a new trial.

 

 

                                                                             Sam
Griffith

                                                                                  
  Justice

 

 

 

 

 

Opinion delivered February 17,
2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(DO NOT PUBLISH)









[1] At a hearing on one of his applications for writ of
habeas corpus, Appellant testified that he had been waiting to hear from his
attorney during much of that time period.  Neither of the hearings on
Appellant’s writs of habeas corpus were before the trial court when it heard
evidence about the state of the record.  Furthermore, the judge who held the
hearing about the record was not the same judge who heard the trial or
conducted the hearings on Appellant’s applications for writs of habeas corpus. 

 





[2] See also Melendez v. State, 936
S.W.2d 287, 288 n.2 (Tex. Crim. App. 1996) (tracing changes in this area of the
law).





[3] Appellant was sentenced in October 1993.  A request
for the record was made in 2006 and again in September 2008.

 





[4] See also Banks v. State, Nos.
05-05-01050-CR, 05-05-01051-CR, 05-05-01052-CR, 05-05-01053-CR, 05-05-01054-CR,
05-05-01055-CR, 05-05-01056-CR, 2006 Tex. App. LEXIS 6749, at *3–5 (Tex.
App.–Dallas July 31, 2006) (mem. op., not designated for publication), rev’d
other grounds, Banks v. State, PD-1420-06, PD-1421-06,
PD-1422-06, PD-1423-06, PD-1424-06, PD-1425-06, & PD-1426-06, 2008 Tex.
Crim. App. Unpub. LEXIS 454 (Tex. Crim. App. 2008) (unpublished).  In Banks,
the State did not argue that the appellant was at fault for the delay in
requesting the record, but the court held that the delay was not the
appellant’s fault because his request was timely pursuant to grant of out of
time appeal.  Banks, 2006 Tex. App. LEXIS 6749, at *3–5.

 





[5] On page 4 of its brief, the State writes, “In each of
the habeas and appeals hearings held, the State objected that the Doctrine of
Latches [sic] was implicated by the facts of this case.”

 





[6] The court reporters do not agree on who reported the
trial in this case, and there is no evidence of who, in fact, reported the
trial or when the record was lost.

 





[7] We agree with the State that, as a general rule, the
trial court’s findings are entitled to deference.  That is so because the fact
finder is the exclusive judge of the credibility of the witnesses and because
virtually every fact finding involves a credibility determination.  See Ex
parte Amezquita, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006).  The
determinations made here, however, were based on facts that were not disputed. 
There was no disputed testimony at the hearing on the state of the record, and
the evidence consisted solely of testimony from and affidavits by the court
reporters.