**REVERSE and REMAND; Opinion Filed July 11, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-01162-CR**
_____

**JOHANAN JOHN FOLSOM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-58786-P**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Appellant was indicted for the felony offense of possession with the intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams. The indictment contained an enhancement paragraph alleging a prior felony conviction for theft. Appellant filed a motion to suppress, which was denied. He subsequently executed a judicial confession and entered a negotiated plea of guilty. The trial court convicted appellant based on his plea of guilty and, pursuant to the terms of the plea agreement, sentenced him to imprisonment for fifteen years and a $3,000 fine. In one issue, appellant contends he is entitled to a new trial because the reporter's record from the first half of the suppression hearing has been lost and cannot be replaced. We sustain appellant's issue and reverse and remand this case for a new trial.

DISCUSSION

When the court reporter in this case failed to file the reporter's record, we issued an order on October 11, 2012, abating the appeal and ordering the trial court to make findings regarding why the reporter's record had not been filed. After receiving the trial court's findings, we issued an order on December 21, 2012, reinstating the appeal and adopting the trial court's findings that (1) appellant desired to pursue the appeal; (2) appellant was indigent and represented by court-appointed counsel; (3) Karren Jones and Yolanda Atkins were the court reporters who transcribed the proceedings; (4) Ms. Jones had finished her portion of the record; and (5) Ms. Atkins required ten days from the trial court's December 14, 2012 hearing to finish her portion of the record. Our order also noted that on December 17, 2012, Ms. Jones tendered her portion of the reporter's record, and we ordered that volume of the reporter's record filed as of the date of our order. We ordered Ms. Atkins to file, by January 2, 2013, her portion of the reporter's record.

On January 8, 2013, we issued an order stating that we had received a letter from Ms. Atkins that her portion of the record could not be filed because it was lost due to the theft of her stenographic equipment from her vehicle. Because this information was not presented to the trial court, we ordered the court to conduct a hearing and to make findings regarding the following: (1) whether the notes of the hearings Ms. Atkins recorded were available; (2) if the notes were not available, whether appellant was at fault for the loss or destruction of the notes; and (3) whether appellant and the State could agree to a substituted record.

On February 1, 2013, the trial court signed an order finding that "[a]ppellant desires to prosecute this appeal. He is indigent and entitled to proceed without payment of costs for the reporter's record." The trial court also found:

> The Court conducted a hearing to determine the availability of court reporter Yolanda Atkins' portion of the reporter's record. Atkins testified that her portion

of the record consisted of the first half of the motion to suppress hearing. She represented that her stenographic equipment was stolen from her vehicle and that the transcription is irretrievably lost. Appellant is not at fault for the loss of the record. Appellant and the State cannot agree to a substituted record.

In order to resolve appellant's argument that he is entitled to a new trial because the reporter's record from the first half of the suppression hearing was lost or destroyed through no fault of his own, we turn to rule 34.6(f) of the Texas Rules of Appellate Procedure, which provides in part:

> (f) *Reporter's record lost or destroyed.* An appellant is entitled to a new trial under the following circumstances:
>
> (1) if the appellant has timely requested a reporter's record;
>
> (2) if, without the appellants fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
>
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or if the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f) (emphasis in original). Thus, in order for appellant to be entitled to a reversal of his conviction and a new trial, the lost or destroyed reporter's record must be necessary to the appeal's resolution. *See Daniels v. State*, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (en banc) (citing TEX. R. APP. P. 34.6(f)(3)). Rule 34.6(f) issues "'should be viewed from the appellant's standpoint, and any reasonable doubt resolved in favor of the appellant.'" *Routier v. State*, 112 S.W.3d 554, 570 (Tex. Crim. App. 2003) (quoting *Gamble v. State*, 590 S.W.2d 507, 508 (Tex. Crim. App. 1979)). The court of criminal appeals has also recognized that "[t]he

provision in the rule that the appellant show that the missing portion of the record is necessary to her appeal is itself a harm analysis." *Id*. at 571.

The State acknowledges that appellant has satisfied the second and third elements of rule 34.6(f). The reporter's record from the first half of the suppression hearing was lost or destroyed through no fault of appellant's due to the fact that Ms. Atkins' stenographic equipment, which contained the transcription of the first half of the suppression hearing, was stolen from her vehicle. Furthermore, the reporter's record from the suppression hearing is necessary to the appeal's resolution because the trial court denied the motion to suppress without filing findings of fact and conclusions of law, the trial court certified appellant's right to appeal its ruling on the motion to suppress, and the trial court's order denying appellant's motion to suppress is required to be supported by the record. *See Singer v. State*, No. 05-10-00892-CR, 2013 WL 229258, at *1 (Tex. App.—Dallas Jan. 16, 2013, no pet.) (mem. op., not designated for publication) ("[A]n appellant is permitted to challenge a suppression ruling by showing the trial court's fact findings are not supported by the record. Without a record of the hearing on the motion to suppress, it is impossible for appellant to make such a challenge or for this Court to review the trial court's ruling.") (citation omitted).

The State, however, argues that appellant has not satisfied the first and fourth elements. Regarding the first element, rule 34.6(f)(1), the State points out that a designation of the record on appeal does not appear in the Clerk's record, nor does the Clerk's record contain any documents otherwise showing appellant submitted a request for the preparation of the reporter's record. But in appellant's "Notice of Appeal and Pauper Oath . . . ," filed on April 30, 2012,[1] appellant asked the court to appoint an attorney to represent him in this appeal, "and that the

---

[1] The record shows that the sentence was imposed on April 10, 2012. *See* TEX. R. APP. P. 26.2(a) (notice of appeal must be filed within thirty days after the day sentence was imposed in open court).

Court will order the Court Reporter of this Court to prepare and deliver me or my appointed Counsel the original and true copy of the Statement of Facts in this case, together with all exhibits attached thereto if practical." In addition, the trial court twice found appellant was indigent and wanted to appeal the conviction, and such findings are entitled to deference. *See Routier*, 112 S.W.3d at 568 (concluding evidence supported trial court's finding that tapes used to replace missing portions of record were accurate and acknowledging that trial court's findings are entitled to deference). We conclude appellant's request for a statement of facts in his April 30, 2012 notice of appeal, when considered alongside the trial court's findings that appellant was indigent and wanted to appeal the conviction, shows appellant timely requested the reporter's record for purposes of rule 34.6(f)(1).

As for the fourth element, rule 34.6(f)(4), the State argues that on March 6, 2012, appellant's appointed counsel filed a trial brief in support of his motion to suppress that cited the reporter's record from the first half of the suppression hearing. This suggests to the State that, "at some point, a reporter's record for the first half of the suppression hearing, certified or not, existed, and Appellant was in possession of it." The State expresses uncertainty "as to why the parties could not agree to use this copy, prepared by the court reporter and cited by Appellant in his trial brief, as a replacement." But rule 34.6(f) does not permit a court to *order* the parties to accept a substituted record, assuming one is available. The trial court found that the transcription of the first half of the suppression hearing was "irretrievably lost" and that the parties "cannot agree to a substituted record." We defer to the trial court's findings.

Therefore, based on the trial court's findings, we conclude the requirements of rule 34.6(f) have been met in this case. We sustain appellant's issue.

We reverse the trial court's judgment and remand this case to the trial court for a new trial.


Do Not Publish
TEX. R. APP. P. 47
121162F.U05

/Lana Myers/

LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHANAN JOHN FOLSOM, Appellant

No. 05-12-01162-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-58786-P.
Opinion delivered by Justice Myers.
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED**.

Judgment entered this 11th day of July, 2013.


/Lana Myers/
LANA MYERS
JUSTICE