George VALENZUELA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–95–00204–CR.

Court of Appeals of Texas,
El Paso.

June 13, 1996.

A. J. Pope, The Woodland, for Appellant.

Shane Ann Green, Brewster County Attorney, Alpine, for State/Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### OPINION ON MOTION

BARAJAS, Chief Justice.

George Valenzuela appeals his conviction for the offense of disorderly conduct, a Class C misdemeanor. TEX.PENAL CODE ANN. § 42.01(a)(1), (d) (Vernon 1994). Upon finding Appellant guilty, the jury assessed his punishment at a $250 fine. Presently pending before the Court are two motions. The first is a motion filed by the official court reporter of the Brewster County Court seeking guidance as to whether he must comply with requests made by Appellant's counsel to provide him with certified audiotapes of the trial below and the original exhibits.[1] The second is Appellant's fourth motion for extension of time to file the statement of facts. In that same motion, Appellant requests that this Court forward to counsel the transcript that has been filed in this cause. We grant the court reporter's motion and conclude that the court reporter is prohibited from complying with Appellant's requests. We grant Appellant's fourth motion for extension of time in which to file the statement of facts until July 1, 1996. We deny Appellant's request to check out the transcript.

In an opinion issued on February 1, 1996, this Court denied Appellant's motion for production of the statement of facts at no cost or at a reduced cost. *Valenzuela v. State*, No. 08–95–00204–CR (Tex.App.—El Paso February 1, 1996) (not yet published). The Court granted Appellant's motion for extension of time in which to file the statement of facts until April 1, 1996.[2] Since that time, Appellant has sought and received an additional extension of time until May 31, 1996. Appellant now seeks an additional 30 days in which to file the statement of facts.

In a letter dated May 10, 1996, Appellant's counsel made the following requests of the court reporter which are the subject of the court's reporter's motion:

I presume that as the Official Court Reporter for the Court that you have already been compensated for your time in the court room (sic), as well as for the making of the audio tapes.[3] I herein request that you send me a complete set of the audio tapes (sic) of the trial along with the exhibits, and all certified as being what would be considered the basis of any written statement of facts. As you know, my client is a poor man and can not (sic) stand the cost of thousands of dollars, which you have indicated it would cost to prepare a written statement of facts. In light of Rule 1 of the Texas Rules of Civil Procedure, the 'least expensive' way for the Defendant to produce a statement of facts is to have you certify the audio tapes (sic), as being an accuract (sic) record of the statements made at trial, and we will have them, or certain parts of them produced.

In his motion for extension of time, Appellant represents that the judge of the trial court has "agreed to the production of the tapes" and Appellant requests an additional 30 days in which to have the tapes or portions of them transcribed to serve as the statement of facts in this cause. Thus, it appears that Appellant intends to have the

---

1. Appellant's counsel made certain requests of the court reporter in a letter. The court reporter, in a reply letter, expressed his concern over the requests that had been made and stated that he would not comply with them until he had sought guidance. To this end, he forwarded copies of both letters to this Court. In light of the potential effects compliance with these requests would have on the appellate record in this cause, the Court has elected to treat the court reporter's letter as a motion.

2. Appellant's first extension of time expired on November 5, 1995.

3. Presumably, counsel refers to the court reporter's audiotapes of the trial made to serve as a backup to the court reporter's notes.

tapes transcribed by someone other than the official court reporter and filed as the statement of facts, and further intends to either forward the original exhibits to this Court or prepare them for inclusion in the appellate record. None of the procedures suggested by Appellant are permitted by the Texas Rules of Appellate Procedure or by any orders of the Court of Criminal Appeals.

The record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts. TEX.R.APP.P. 50(a). Exhibits are part of the appellate record. *Durrough v. State*, 693 S.W.2d 404 (Tex.Crim.App.1985); *Sheffield v. State*, 777 S.W.2d 743, 744 (Tex.App.—Beaumont 1989, no pet.). The Rules of Appellate Procedure provide for preparation of the record on appeal by the clerk of the trial court and the court reporter who transcribed the proceeding and do not contemplate preparation of the appellate record by a party or his counsel. *See generally* TEX.R.APP.P. 50, 51 and 53; TEX.R.APP.P. Appendix Rules 1–4. For this reason alone, counsel's requests are unsupportable. There are other more compelling reasons, however, for finding that the court reporter is prohibited from complying with them.

We will first examine in more detail counsel's request that the court reporter certify the audiotapes of the trial as accurate and forward them or copies thereof to him. Except where electronically recorded statements of fact are specifically permitted by orders of the Supreme Court and Court of Criminal Appeals, the statement of facts is a typewritten transcription of the court reporter's notes certified by the court reporter as a true and correct transcription of all portions of the evidence and other proceedings requested to be included in the statement of facts. TEX.R.APP.P. 53(f); TEX.R.APP.P. Appendix 1(b). The Court of Criminal Appeals

has entered orders permitting courts in Dallas, Brazos, and Montgomery Counties to make a record in criminal proceedings by means of electronic recording.[4] Since the Court of Criminal Appeals has not authorized Brewster County to participate in this program, the official court reporter of the Brewster County Court is not permitted to certify the audiotapes of the trial for the purpose of allowing Appellant to file an electronic statement of facts. *See Ex parte Occhipenti*, 796 S.W.2d 805, 806–07 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding) (court of appeals could not consider tapes of contempt proceeding because the Supreme Court, at that time, had not entered an order authorizing the Harris County district courts to enter into a pilot project to study the use of an electronic recording system). Likewise, nothing in the Rules of Appellate Procedure may be read as permitting the court reporter to certify the tapes as accurate for the purpose of allowing Appellant to have them transcribed by someone other than the official court reporter and offered as the statement of facts in this case. Accordingly, we conclude the court reporter may not certify the audiotapes as an accurate record of what occurred at trial.

In the motion for extension of time, counsel seems to alternatively suggest that he will have the transcribed statement of facts certified as true by the court reporter after they have been transcribed by some individual employed by Appellant to transcribe the tapes. As stated above, the Rules of Appellate Procedure do not contemplate preparation of the appellate record by a party or his counsel. An official court reporter has a duty to prepare official transcripts of all proceedings and the evidence, and the court reporter must certify the statement of facts as containing a true and correct transcription of all portions of evidence and other

---

4. *See* ORDER OF THE TEXAS COURT OF CRIMINAL APPEALS, January 21, 1986 (Dallas County); ORDER OF THE TEXAS COURT OF CRIMINAL APPEALS, October 9, 1989 (Brazos County); ORDER OF THE TEXAS COURT OF CRIMINAL APPEALS, December 10, 1990 (Montgomery County). The Supreme Court of Texas has authorized courts in Bexar, Brazos, Dallas, Harris, Kleberg, Liberty and Montgomery Counties, and the 39th District Court in Haskell, Throckmorton, Stonewall and Kent Counties, to make a record in civil proceedings by electronic tape recording. *See* AMENDED ORDER OF THE TEXAS SUPREME COURT, Jan. 23, 1989. The Rules governing the procedure for making a record of court proceedings by electronic recording in civil proceedings are located in West's Texas Rules of Court (West Pamph.1996).

proceedings reported by him. TEX.R.APP.P. 11(a)(4); TEX.R.APP.P. Appendix Rule 1(b); *see* TEX.R.APP.P. 53(f). We conclude that the court reporter is not authorized to certify Appellant's transcription of uncertified audiotapes of the trial.

 With regard to counsel's request that the court reporter forward to him the original exhibits admitted at trial, it appears that counsel intends to forward the original exhibits or copies thereof to this Court for its inspection in connection with this appeal. Whatever the intended purpose may be, the Rules of Appellate Procedure do not permit the court reporter to comply with the request.

One apparent objective of the Rules of Appellate Procedure is to provide for the safekeeping of exhibits that have been admitted in a trial or other proceeding. Of particular importance here, Rule 11(a)(3) imposes a duty upon the court reporter to file all exhibits with the clerk. TEX.R.APP.P. 11(a)(3). The clerk of the trial court is required to retain the original exhibits in a criminal proceeding unless they are forwarded to the appellate court pursuant to TEX.R.APP.P. 51(d).[5] *See also* TEX.R.APP.P. 11(b) (exhibits and materials used in the trial of a case and all of the record in a case are subject to such orders as the trial court may enter). Because Appellant's request is contrary to the court reporter's mandatory duty to file all exhibits with the clerk, we conclude the court reporter is prohibited from releasing the original exhibits to Appellant or his counsel. For all of the above reasons, the court reporter is directed to not certify the audiotapes, or certify a statement of facts prepared by Appellant or someone employed by him, or forward the original exhibits to Appellant or his counsel.

We grant Appellant's fourth motion for extension of time in which to file the statement of facts until July 1, 1996 with the understanding that no further extensions will be granted. We deny Appellant's request to check out the transcript filed with this Court.[6]

---

5. The Rules of Civil Procedure also require the court reporter to file all exhibits in any civil proceeding with the clerk of the trial court, but they additionally provide for the withdrawal of filed exhibits under certain limited circumstances. TEX.R.CIV.P. 75a and 75b. Neither the Code of Criminal Procedure nor the Rules of Appellate Procedure provide for such a procedure in a criminal proceeding.

6. We refer Appellant to Rule 51(c) which requires the clerk of the trial court to make a duplicate copy of the transcript and retain it for the use by the parties with the permission of the court. TEX.R.APP.P. 51(c).