936 S.W.2d 335 (1996)
In the Matter of L.B., a Juvenile.
No. 08-96-00242-CV.
Court of Appeals of Texas, El Paso.
October 10, 1996.
*336 Lilly A. Plummer, Odessa, for Appellant.
James H. Densford, Andrews, for Appellee.
Before LARSEN, McCLURE and CHEW, JJ.

OPINION ON MOTIONS TO EXTEND TIME FOR FILING STATEMENT OF FACTS
McCLURE, Justice.
L.B., a juvenile, appeals from an order modifying disposition and committing him to the Texas Youth Commission until he is 18 years of age. Presently pending before the Court is a timely-filed amended motion for extension of time in which to file the statement of facts. The court reporter has also filed a motion requesting an extension of time to file the statement of facts. Both motions are granted with additional orders.
We abated this appeal and directed the trial court to conduct an evidentiary hearing in connection with L.B.'s amended motion for extension of time in which to file the statement of facts. The juvenile court found that: (1) no court reporter attended the hearing in question, but the juvenile court judge taped the proceedings by means of an audiotape recorder; (2) the juvenile court has appointed a private court reporter to transcribe the audiotapes and file that transcription to serve as the statement of facts on appeal; (3) the audiotapes have been stored in a locked closet and have not been removed except for the occasion on which the tapes were copied for the court reporter; and (4) L.B. did not request that the hearing be recorded by stenographic notes nor did he object to its recording by means of an audiotape recorder. The issue before us is whether the original audiotapes or the court reporter's transcription shall serve as the statement of facts in this appeal.
The record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts. Tex.R.App.P. 50(a); Valenzuela v. State, No. 08-95-00204-CR, ___ S.W.2d ___, 1996 WL 325607 (Tex. App.El Paso June 13, 1996, no pet.) (not yet reported). The Rules of Appellate Procedure provide for preparation of the record on appeal by the clerk of the trial court and the court reporter who transcribed the proceeding. Valenzuela, slip op. at 3, ___ S.W.2d at ___; see generally Tex.R.App.P. 50, 51, and 53; TEX.R.APP.P. Appendix Rules 1-4. Except where electronically recorded statements of fact are specifically permitted by orders of the Supreme Court and Court of Criminal Appeals, the statement of facts is ordinarily considered to be a typewritten transcription of the court reporter's notes certified by the court reporter as a true and correct transcription of all portions of the evidence and other proceedings requested to be included in the statement of facts. See TEX.R.APP.P. 53(f); TEX.R.APP.P. Appendix 1(b)[1]; see Valenzuela, slip op. at 3-4, ___ *337 S.W.2d at ___-___. This is not an ordinary case, however, because Section 54.09 of the Texas Family Code expressly permits the recording of judicial proceedings by electronic or mechanical means in lieu of stenographic notes:
All judicial proceedings under this chapter except detention hearings shall be recorded by stenographic notes or by electronic, mechanical, or other appropriate means. Upon request of any party, a detention hearing shall be recorded.
TEX.FAM.CODE ANN. § 54.09 (Vernon 1996).
Based upon the plain language of Section 54.09, we conclude that the juvenile court was authorized to record the disposition hearing by means of audiotape recording. This conclusion does not resolve the issue before us, however, because Section 54.09 does not make any provision for preparation of a statement of facts in the event of an appeal. Likewise, the Rules of Appellate Procedure do not address this matter.[2] Because no court reporter attended the judicial proceeding in question, and therefore, the transcribing court reporter cannot personally certify the transcription as required by Rule 53(f) and Appendix 1(b), we conclude that the statement of facts in this case shall consist of a cassette copy of the original tape recording. That cassette copy shall be prepared and certified in accordance with the following procedure:
1. The juvenile court or a person with personal knowledge shall certify in writing that the original audiotapes have not been altered or modified in any way since the conclusion of the disposition proceeding.
2. The juvenile court shall make or cause to be made a clear and accurate copy of the original audiotapes to serve as the statement of facts in this appeal. The copy shall be prepared in the form of a standard cassette recording. The cassette shall be labeled to reflect clearly the contents of the cassette and numbered if more than one cassette is required. The juvenile court shall certify in writing that the cassette copies submitted to this Court are true and correct copies of the original audiotapes and that they accurately reflect the disposition.
Both motions for extension of time to file the statement of facts are granted until October 25, 1996. The juvenile court is directed to forward the certified cassette copies to this Court by that date. The juvenile court is further directed to make or cause to be made an additional certified cassette copy of the original recordings and file the copy with the clerk of the juvenile court. The parties may review the certified cassette copy.
In response to the undisputed assertion of L.B.'s appellate counsel that the tape recordings are of questionable quality, we also find that it is necessary for the court reporter to provide a certified transcription of the recording to serve, not in lieu of the recorded statement of facts, but as an aid to this Court. The transcription shall be prepared and certified in accordance with the following orders:
1. Ronald A. Mullen, the certified court reporter who has been appointed by the juvenile court to transcribe the tapes, shall prepare the transcription of the audiotape recordings to serve as an aid to this Court on appeal. The transcription shall be prepared in the manner of an ordinary statement of facts, including a proper index. See TEX. R.APP.P. Appendix 1(b).
2. The juvenile court shall review the transcription prepared by Mr. Mullen and shall certify in writing that it is true and accurate and that it correctly reflects what transpired at the disposition hearing. The transcription is due to be filed with this Court no later than October 25, 1996. A copy of the certified transcription shall be filed with the clerk of the juvenile court and maintained for the use of the parties in connection with this appeal.
3. If any exhibits were admitted at the disposition hearing, Mr. Mullen shall prepare an Exhibits Volume in accordance with TEX. R.APP.P. Appendix 1(b). The juvenile court *338 shall also certify in writing that the Exhibits Volume is true and accurate and that it correctly reflects what the exhibits admitted at the disposition hearing.
In the event a dispute arises regarding these orders or the accuracy of the statement of facts, they shall be presented to this Court by motion in accordance with the applicable rules of appellate procedure.
NOTES
[1] The Supreme Court of Texas has authorized courts in Bexar, Brazos, Dallas, Harris, Kleberg, Liberty, and Montgomery Counties, and the 39th District Court in Haskell, Throckmorton, Stonewall and Kent Counties, to make a record in civil proceedings by electronic tape recording. See Amended Order of the Texas Supreme Court, Jan. 23, 1989. The Rules governing the procedure for making a record of court proceedings by electronic recording in civil proceedings are located in West's Texas Rules of Court (West Pamph. 1996).
[2] We urge the Texas Supreme Court of Texas to adopt rules providing for the preparation of the statement of facts in these types of appeals.