**Jimmy B. HARTGRAVES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36476.

Court of Criminal Appeals of Texas.

Feb. 5, 1964.

J. W. Reid, Abilene, (On Appeal Only), Clay Coggins, Roby, for appellant.

Clyde Boose, County Atty., Sweetwater, Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The appeal is from a conviction upon an indictment alleging that the appellant contributed to the delinquency of nine named children under 17 years of age "by acting in conjunction with said minor children in causing, encouraging and permitting said minor children to drink alcoholic beverages, to wit beer, which action on the part of the said Jimmy B. Hartgraves tended to injure

and debase the morals, health and welfare of said minor children * * *."

The court, in his charge, instructed the jury that the evidence showed that one of the named children was over 17 years of age and that there was no evidence that another of said children was present, and submitted the case to the jury and authorized a conviction upon a finding beyond a reasonable doubt that the appellant contributed to the delinquency of the remaining seven children in causing and encouraging them to drink beer, as alleged in the indictment, and the further finding that each or either of said seven children was over 10 and under 17 years of age.

The jury found the appellant guilty and assessed his punishment at 30 days in jail and a fine of $100.

■ We overrule the appellant's contention that the indictment should have alleged that the named children were delinquents (or were dependent and neglected children). We do not agree that Art. 534 Vernon's Ann.P.C. is violated only when the child is a delinquent and the accused contributes to his or her further delinquency.

■ The word "permitting," which appears in the indictment, may be treated as surplusage. The court's charge did not authorize a conviction upon a finding that the appellant "permitted" the children to drink beer.

We find no error in the overruling of appellant's exception to the indictment.

The appellant filed an amended motion for new trial alleging, among other grounds, that the verdict of the jury and the judgment of the court were contrary to the law and the evidence, and further alleging that he would not be able to get a full, correct and complete statement of facts in the case because the veteran court reporter would be unable, due to his physical condition, to transcribe his notes and recordings sufficient to reflect a true, correct and full statement that would incorporate all of his informal bills of exception.

No statement of facts appears in the record.

The contention that the appellant has been deprived of a statement of facts on appeal is presented as ground for reversal by what is denominated a Bystander's Bill.

■ This bill of exception was filed with the clerk of the trial court within the time allowed by Art. 760d Vernon's Ann.C.C.P. The trial judge did not refuse to approve the bill within the time allowed by said statute. Under the terms of said Art. 760d, the bill must be considered as approved.

The bill of exception incorporates the affidavit of bystanders and certifies that appellant's counsel tendered to the county attorney and to the trial judge a statement of facts adduced at the hearing of his motion for new trial which they refused to approve, though neither disputed the accuracy thereof.

The statement of facts in the bill of exception sets out the testimony of counsel for the appellant which supported the allegations of his motion for new trial and the bill of exception certifies that such testimony was not disputed by the state by any testimony, or from any source, on the hearing.

Other affidavits made and filed prior to the filing of the bill of exception appear in the transcript. They support rather than challenge the fact that the court reporter who was receiving a salary from the county and had taken the oath was, because of physical and other disability, incompetent and unable to perform his duties and that his notes and recordings could not be read or understood.

We do not reach the issue of whether appellant's counsel had knowledge of the incompetency of the reporter, or whether the affidavits raising that issue may be considered.

No statement of facts was prepared by the trial judge, as provided in Art. 759a, Sec. 1, subd. E, V.A.C.C.P.

■ The facts certified in the bill of exception show that without any fault of his own or that of his counsel, the appellant has been deprived of a statement of facts relating to the hearing of his motion for new trial, if not a statement of facts on the trial. Navarro v. State, 141 Tex.Cr.R. 196, 147 S.W.2d 1081; Pierson v. State, 147 Tex.Cr.R. 15, 177 S.W.2d 975.

The judgment is reversed and the cause remanded.