**Ex parte John Henry MAYS.**

**No. 48682.**

Court of Criminal Appeals of Texas.

June 19, 1974.

John Henry Mays, pro se.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is a post conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P. See Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App. 1967).

The petitioner pleaded not guilty and was convicted on August 22, 1969, of the offense of assault with intent to commit murder and sentenced to imprisonment for eighteen years. He complains that he was denied the right of appeal from that conviction.

After a hearing on the petition for a writ of habeas corpus, the Honorable John Furrh, Judge of the 71st District Court of Harrison County, made the following Findings of Fact:

"(1) That the Court determined that petitioner was an indigent and unable to retain counsel for the purpose of an appeal, and thereupon the court appointed Paul W. Anderson, Esq., to represent petitioner for the purpose of appealing his conviction.

"(2) That the court reporter, Mrs. Betty King, was directed to prepare a Statement of Facts.[1]

"(3) That a Statement of Facts was prepared and delivered to Paul W. Anderson, Esq., Attorney for Petitioner.

"(4) That an order was entered authorizing petitioner to appeal as an indigent.

"(5) That said Statement of Facts was not filed with the District Clerk for the 71st Judicial District Court, and was never forwarded to the Court of Criminal Appeals.

"(6) That the whereabouts of the Statement of Facts is unknown, and the court reporter, Mrs. Betty King, after a diligent search has been unable to locate her notes taken at the time of the trial."

The trial court's findings are supported by the record.

The constitutional and statutory rights of an indigent defendant to a free record for purposes of appeal in a misdemeanor case were fully considered in Curry v. State, 488 S.W.2d 100 (Tex.Cr.App.1972).[2] In discussing a substitute for a complete record in that case it was said:

"Of course, the parties, with the approval of the trial court, may utilize an agreed statement of facts, Article 40.09 § 14, supra, and a formal bill of exception may be used to disclose some action, event, testimony, etc., not otherwise shown by the record. If found to be indigent, appellant need not use these alternative methods unless by choice. Thus, it would appear that our statutory procedure is broader than the constitutional requirements. The grounds of error alleged need not make out a 'colorable need for the complete transcript' before the indigent becomes entitled to a complete record by virtue of the statutory provisions."

See also Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).

Certainly the right of the indigent petitioner who has been convicted of a felony to a complete record for purposes of appeal would be as great as the right of one convicted of a misdemeanor. Since the statute as construed in Curry v. State, supra, entitled the indigent petitioner to a complete record, which under the circum-

---

1. Although the term Statement of Facts is commonly used, the 1965 Code of Criminal Procedure uses the term transcription of the court reporter's notes. See Article 40.09, V.A. C.C.P.

2. The opinion in Curry v. State, supra, discusses the application of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Mayer v. Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); Draper v. Washington, supra; and Article 40.09, V.A.C.C.P.

stances here presented cannot be furnished, the petitioner must be accorded a new trial. See Ex parte Perez, 479 S.W.2d 283 (Tex.Cr.App.1972); Ex parte Vestal, 468 S.W.2d 372 (Tex.Cr.App.1971); Ex parte Gaines, 455 S.W.2d 210 (Tex.Cr.App. 1970); Ex parte Coleman, 455 S.W.2d 209 (Tex.Cr.App.1970).

It is so ordered.

Opinion approved by the Court.