**Ex parte Jesus Regalado CONTRERAS.**

**No. 61976.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1979.

---

Glen H. Shelton, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Paul J. Kubinski, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

Appeals are taken from two convictions for burglary of a habitation. V.T.C.A. Penal Code, Sec. 30.02. Punishment was assessed at seven years in each case.

Appellant contends that he has been denied his right to appeal by the failure of the record to include a transcription of the court reporter's notes. It is undisputed that appellant is an indigent. He maintains that he is entitled to a new trial.

Appellant was convicted on October 5, 1977. Mark Thomas, the court reporter at that time, recorded the testimony entered at appellant's trial. It appears from the record before us that Thomas has since moved to Birmingham, Alabama and efforts to secure a transcription of the court reporter's notes from him have been to no avail.

This Court has granted two extensions of time to file the transcription of the court reporter's notes, the last extension expiring on April 15, 1978. A third request for an extension was denied on May 1, 1978.

Notice of completion of the record "without statement of facts" was given counsel on May 9, 1978. Appellant filed written objections to the record based on the absence of a transcription of the court reporter's notes.

The trial court held a hearing regarding the status of the attempts to obtain a transcription of the court reporter's notes. In the intervening year since that hearing no transcription of the court reporter's notes has been filed in this cause. The transcript (with no transcription of the court reporter's notes accompanying it) was filed in this Court on October 11, 1978 after the trial court had approved the record.

The trial court has a duty under the Texas and United States Constitutions to provide an indigent defendant with an adequate record on appeal. See *Guillory v. State*, Tex.Cr.App., 557 S.W.2d 118 and numerous decisions of the United States Supreme Court and this Court cited therein.

The State is correct in its brief where it urges that the court reporter can be ordered by the court to file a transcription of his notes in a timely fashion and upon failure to do so the court can issue an order requiring the court reporter to show cause as to why he should not be held in contempt. Art. 1911a, V.A.C.S. However, it would appear that this procedure would be to no avail if the court reporter is still without the jurisdiction of the court.

We call attention to Subd. 14 of Art. 40.09, V.A.C.C.P. which provides that the parties with the approval of the court may utilize an agreed statement of facts. In *Ex parte Mays*, Tex.Cr.App., 510 S.W.2d 606 it was pointed out that if a defendant is found to be indigent, he cannot be compelled to utilize this alternative method.

We abate this appeal and set aside the trial court's order approving the record. If the trial court has regained jurisdiction over the court reporter, Mark Thomas, it can order him to prepare a transcription of the court reporter's notes forthwith and upon his failure to comply with such order proceed with contempt proceedings as outlined above.

In the event that the transcription of the court reporter's notes or an agreed statement of facts is filed with the clerk of the trial court within 30 days of the date of this opinion, notice of completion of the record shall be given to the parties pursuant to Art. 40.09(7), V.A.C.C.P. Further proceeding shall then be had under the appropriate subdivisions of Art. 40.09, V.A.C.C.P.

In the event that the transcription of the court reporter's notes or an agreed statement of facts has not been filed with the clerk of the trial court after 30 days from the date of this opinion, appellant shall be accorded a new trial. No motion for rehearing will be entertained.

The appeal is abated.

ODOM, Judge, concurring.

I concur in the disposition of this case on statutory grounds, but I do not join the holding that the constitutional rights of indigent defendants are implicated today.

While it is true, as the majority says, that the trial court has a constitutional duty to provide an indigent defendant with as ade-quate a record on appeal as that which is available to the monied defendant, *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, the unavailability of an adequate record in this case stems not from appellant's financial condition, but from the absence of the court reporter's notes to prepare such a record.

When the absence of an adequate record is due to circumstances other than the defendant's indigency, as is the case here, the consequences of such a condition should be the same whether the defendant is indigent or not. In *Rhoda v. State*, Tex.Civ.App., 514 S.W.2d 937, the Court wrote:

"The right of an indigent appellant to a free statement of facts is independent of the requirement that a statement of facts, free or otherwise, be requested at the appropriate stage of the appellate process. If that requirement not be met, the right to have it included in the record on appeal is waived."

The focus of the decision in this case should likewise be on the cause for the absence of a statement of facts in the record on appeal. In *Hartgraves v. State*, Tex.Cr.App., 374 S.W.2d 888, a reversal was required on a record that showed:

". . . without any fault of his own or that of his counsel, the appellant has been deprived of a statement of facts relating to the hearing of his motion for a new trial, if not a statement of facts on the trial."

In *Hilliard v. State*, Tex.Cr.App., 401 S.W.2d 814, on the other hand, it was held that a delay of almost eight months after notice of appeal before a pauper's oath for a free statement of facts from the court reporter's notes was requested, constituted a lack of necessary diligence on the defendant's part, and the denial of that form of a statement of facts was not error.[1]

---

1. On denial of a statement of facts prepared by the court reporter in *Hilliard*, supra, an alternative form of statement of facts was submitted. Pursuant to Art. 759a, Sec. 1.E., V.A.C.C.P. (1925, as amended; see 5 V.A.C.C.P. (1979) at 208) the trial court prepared a statement of facts after it was ascertained that the court reporter's notes had been lost and that appel-lant's counsel and the state could not prepare an agreed statement of facts. Under the current version of Art. 40.09, V.A.C.C.P. (successor to Art. 759a, supra), the trial court has no corresponding power to prepare a statement of facts when the parties are unable to agree upon one under subdivision 14 of that article.

In this case a statement of facts prepared by the court reporter pursuant to Art. 40.-09(3–5), supra, was unavailable to appellant, not due to any lack of diligence on his part, as in *Rhoda* and *Hilliard*, supra, but because the court reporter had left the State and was beyond the trial court's power to compel production. See *Guillory v. State*, Tex. Cr.App., 557 S.W.2d 118. In the absence of a statutory alternative for preparing an adequate record for appeal that may be *imposed* (contrast with Art. 40.09(14), supra) in such circumstances, the only remedy for a defendant who is denied an adequate record for presenting his appeal is reversal. *Ex parte Mays*, Tex.Cr.App., 510 S.W.2d 606, and authorities cited there. This result is required irrespective of the defendant's financial status (although indigent status may facilitate proof of no want of diligence). The taking of notes by the court reporter and the reporting of them for the appeal record on request are mandatory whether or not the defendant is indigent (Art. 40.09(4, 5), supra), and the alternative agreed statement is at his option, likewise whether or not he is indigent (Art. 40.-09(14), supra). Thus, the disposition of this case is controlled by considerations, independent of appellant's financial status, that result from the statutory scheme for appeal of criminal cases and preparation of the record under Art. 40.09, supra.

On this basis I concur in the judgment.

PHILLIPS, W. C. DAVIS and CLINTON, JJ., join this concurrence.