**Lonnie Algie SUMMERFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0201–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 1981.

DeEdward J. Greer, Houston, for appellant.

Winston E. Cochran, Asst. Dist. Atty., Houston, for appellee.

Before DUGGAN, WARREN and DYESS, JJ.

DUGGAN, Justice.

The appellant was convicted of murder, and his punishment assessed by the jury at life in the Texas Department of Corrections.

The sufficiency of the evidence to support the verdict is not challenged on appeal, and no error committed at trial is alleged. Instead, the appellant urges four grounds of error concerning post-trial procedure regarding his third amended motion for new trial. The chronology and treatment of that motion provide the pertinent factual background of this appeal.

The jury returned its verdict on May 4, 1978. The appellant's pro forma original motion for new trial was timely filed on May 15, 1978. A first amended motion, identical to the original motion, was filed on June 2, 1978. A second amended motion for new trial was filed on June 19, 1978, and a hearing thereon set for July 6, and reset for July 20th. A third amended motion for new trial, duplicating verbatim the second motion, was filed on July 21, 1978, set for hearing on August 10, 1978 and reset for August 21, 1978.

The appellant's third amended motion urged that the State suppressed evidence favorable to the appellant prior to and during his trial, in that the appellant was not made aware of a written statement by one Paul Dravillas until it was "introduced" at trial by being used by the prosecutor to cross-examine the appellant. Furthermore, the motion asserted that the State's failure to present live testimony by Dravillas and by one Judy Cravens also constituted suppression of evidence.

At the hearing on the third amended motion on August 21, 1978, the testimony of the one witness, Paul Dravillas, was taken. After argument, the appellant's third amended motion for new trial was overruled.

Following the assembly of the appellate record, both the State and the appellant filed objections to the record, noting that it lacked a complete transcript of the court reporter's notes. The appellant's objection specifically pointed out the omission of Dravillas' testimony on the third amended motion hearing on August 21, 1978. By an initial affidavit, the court reporter requested more time in which to search for the missing notes. On January 2, 1980, he signed another affidavit that described his extensive but fruitless efforts to find the missing notes, and certified that the notes were "hopelessly lost." The trial court withdrew approval of the record. A hearing, characterized by both the State's notice letter to appellant's counsel and the court's docket entry as a hearing on "appellant's third motion for new trial," was set by the court at the State's request for August 11, 1980, almost two years after the original hearing.

Despite appellant's objections, which were the same as are now being advanced as his grounds of error, the hearing was held on August 22, 1980. The only witness to testify was the assistant district attorney who had conducted both the original trial and the August 21, 1978 motion hearing. He testified that Paul Dravillas gave testimony at the 1978 hearing; that he was the only witness at that hearing; that his testimony at the hearing did not differ from the affidavit introduced for the record out of the jury's presence at the trial; and that Judy Cravens was present and available for

testimony during appellant's original trial. Appellant's attorney contested the accuracy of the assistant district attorney's testimony at the hearing. The propriety of the hearing of August 22, 1980 is the sole topic of appellant's brief.

At the outset we note that appellant's third amended motion for new trial was a nullity, since the earlier first amended and second amended motions for new trial were overruled by operation of law. Article 40.05, V.A.C.C.P., requires that motions for new trial " . . . shall be presented to the court within ten days after the filing of the original or amended motion and shall be determined by the court within twenty days after the filing of the original or amended motion." Under this rule, a motion or amended motion not acted upon within twenty days of its filing is overruled by operation of law. *McDonald v. State*, 597 S.W.2d 365, 369 (Tex.Cr.App.1980). This rule terminated appellant's right to a hearing on his motions at two stages.

First, the second amended motion was overruled by operation of law on July 10, 1978, twenty days after its filing and before the third amended motion was filed. Since the second amended motion was overruled by operation of law, appellant was not entitled to file a third amended motion on July 21, 1978.

Second, assuming *arguendo* that appellant was entitled to file the third amended motion, that motion was also overruled by operation of law because it was not "determined by the court within twenty days after the filing." Article 40.05; *McDonald, supra.* Accordingly, since appellant's third amended motion was never timely filed to entitle appellant to be heard on it, we could not consider any testimony adduced at that hearing even if the transcript were available. *Schneider v. State*, 594 S.W.2d 415, 418 (Tex.Cr.App.1980); *Zaragosa v. State*, 588 S.W.2d 322, 324 (Tex. Cr.App.1979). Thus, no issues relating to the August 21, 1978 hearing are presented for review.

However, since the allegations of appellant's motion were that the prosecution either suppressed or failed to disclose evidence favorable to the defense, citing *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), we deem it appropriate to deal with his grounds of error in the interest of finality and avoidance of post-conviction relief claims.

In his first two grounds of error, appellant contends that the trial court lacked jurisdiction to conduct the hearing on August 22, 1980. This is squarely in opposition to Art. 40.09 § 12, V.A.C.C.P., as that Article read prior to September 1, 1981, which vested jurisdiction over a criminal case in the trial court until thirty days after the filing of the State's appellate brief. *Guzman v. State*, 521 S.W.2d 267, 272 (Tex.Cr.App.1975). Article 40.09 § 12 made it clear that the specific purpose of leaving jurisdiction of the case with the trial court for such period was to afford the court an opportunity to grant a defendant a new trial after the record and briefs were prepared. If the trial court had jurisdiction of this cause at the time of the August 22, 1980 hearing, it follows that that jurisdiction included the power to order the hearing and place the transcript of that hearing in the record. The Court of Criminal Appeals noted in *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex.Cr.App.1980):

> The attachment of jurisdiction in the district court conveys upon that court the power to determine all essential questions 'and to do any and all things with reference thereto authorized by the Constitution and Statutes, where permitted under established principles of law.' (Citations omitted.) A court's having possession and jurisdiction of a case, that jurisdiction embraces everything in the case and every question arising which can be determined in the case, until it reaches its termination and the jurisdiction is thereby exhausted.

Appellant would construe Article 40.05, which establishes time limits for motions for new trial, as an absolute limitation on the trial court's jurisdiction to review under

Article 40.09, thereby prohibiting the court from ordering the hearing of August 22, 1980. That hearing, however, was held pursuant to the court's obligation, under Article 40.09, to assemble a complete record that "speaks the truth" and to review that record along with the parties' briefs. Article 40.05 is irrelevant to the trial court's jurisdiction to conduct such review and possibly grant a new trial under Article 40.09. This distinction between Article 40.05 and Article 40.09 was recognized in *Zaragosa, supra*, at 327.

Appellant cites *Hanner v. State*, 572 S.W.2d 702 (Tex.Cr.App.1977), but *Hanner* and its precedents simply hold that the Court of Criminal Appeals did not need to consider alleged errors raised by motions for new trial untimely filed under Article 40.05. We reject the attempt to extend *Hanner* from the timeliness issue under Article 40.05 to the issue of jurisdiction to review under Article 40.09, because such would have negated the trial court's review jurisdiction before that jurisdiction passed to the appellate court and place cases, such as the present one, into a jurisdictional void where no court had jurisdiction to review or correct records.

■ Finally, to hold that Article 40.05 limited the trial court's review jurisdiction under Article 40.09 would create a needless conflict between separate articles of the Code of Criminal Procedure. Such a repugnant construction is to be avoided if at all possible. *Lorenzo Textile Mills, Inc. v. Bullock*, 566 S.W.2d 107, 111 (Tex.Civ.App.—Austin, 1978, no writ). This would also be counter to the dictates of the Code Construction Act, Article 5429b–2, § 3.01(2), V.A.C.S., that "the entire statute is intended to be effective." We note that Article 40.09 § 12 has been deleted from the Code of Criminal Procedure, effective September 1, 1981.

■ In two similar grounds of error, appellant complains (1) that he was forced to accept "an alternate record", and (2) that he was not provided with an adequate record. Simply stated, appellant urges that he is entitled to a new trial because the actual transcript of the August 21, 1978 post-trial hearing is unavailable, denying him an adequate record on appeal.

Appellant had it within his power to provide a complete record, and he therefore cannot be allowed to complain of the record's lack of completeness. The record shows that Paul Dravillas was the only witness who appeared at the August 21, 1978 hearing, and that he was tendered as a witness for the second hearing in 1980. We must presume that he would have testified the same in 1980 as he did in 1978. Had appellant accepted the tender of Dravillas as a witness for the August 22, 1980 hearing, all the same evidence adduced at the 1978 hearing should have been available. Since it was within appellant's power to effectively fill the gap in the record, he should not be heard to complain of that gap. Such a ruling is consistent with decisions holding an appellant accountable for omission of some part of a trial from a statement of facts when that appellant fails to request recording of that stage of trial. See *Walthall v. State*, 594 S.W.2d 74, 81 (Tex.Cr.App.1980); *American Plant Food Corp. v. State*, 508 S.W.2d 598, 605 (Tex.Cr.App.1974).

Appellant cites *Ex Parte Mays*, 510 S.W.2d 606 (Tex.Cr.App.1974), *Ex Parte Contreras*, 586 S.W.2d 550 (Tex.Cr.App.1979), and *Hartgraves v. State*, 374 S.W.2d 888 (Tex.Cr.App.1964). Also consistent with those cases is *Curry v. State*, 488 S.W.2d 100 (Tex.Cr.App.1972), cited in *Ex Parte Mays, supra*. However, those cases can be distinguished on their facts from the present case. *Mays, Curry*, and *Contreras* each concerned the unavailability of the entire transcript of the respective defendants' trials. Obviously it would be impossible to recreate a reliable alternative record of a full trial. In that situation, justice requires a new trial, since the process of appellate review relies upon an accurate record. Adequate reproduction of the limited hearing testimony in this cause, unlike the reproduction of an entire trial, was feasible.

*Hartgraves*, like the present case, concerned the transcription of a post-trial hearing on a motion for new trial. There, however, the defense attorney prepared a thorough bill of exception incorporating affidavits of bystanders and certifying that he had tendered to the court and to the prosecutor a prepared statement of facts adduced at the trial, which neither the court nor the prosecutor would approve. *Hartgraves, supra* at 889. The defendant in *Hartgraves*, in short, did everything within his power to make a complete record, and documentation of the hearing was absent solely due to a recalcitrant court and prosecutor. The facts are exactly opposite to those of the present case; the court and the State did all within their power to make a proper record, and appellant chose to block all efforts to duplicate the previous record.

Finally, there is an absence of any ground of error alleging that the 1978 hearing involved matters warranting reversal. Accordingly, appellant will not be allowed to capitalize on the accidental loss of the court reporter's notes on a post-trial motion.

The judgment is affirmed.