COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )              
No.  08-04-00298-CR

                                                                              )

                                                                              )                    Appeal from the

                                                                              )

EX PARTE:  MARTIN BLANCO ENRIQUEZ    )                  41st District Court

                                                                              )

                                                                              )           
of El Paso County, Texas

                                                                              )

                                                                              )                 
(TC# 960D02669)

                                                                              )

 

 

OPINION  ON 
ORDER  OF  ABATEMENT

 

Appellant Martin
Blanco Enriquez appeals the trial court=s
denial of his application for a writ of habeas corpus.  We abate the appeal for the trial court to
clarify it=s order
denying Appellant=s
application for writ of habeas corpus.

FACTUAL
SUMMARY

Appellant Martin
Blanco Enriquez was charged by indictment with possession of marijuana in an
amount more than 50 pounds, but less than 2,000 pounds.  Pursuant to a plea agreement, he entered a
plea of guilty on June 20, 1996. 
Adjudication of guilt was deferred and Appellant was placed on deferred
adjudication community supervision for a period not to exceed ten years.








In April of 1999,
the trial court entered an order discharging Appellant from community
supervision.  Several years after
successfully completing his community supervision and after being discharged by
order of the court, Appellant filed an application for a writ of habeas
corpus.  In the application, Appellant
sought to have his conviction set aside, arguing that his guilty plea was not
knowingly and intentionally made, his trial counsel rendered ineffective
assistance of counsel by not seeking to suppress illegally obtained evidence,
and the trial court failed to admonish him in accordance with Article 26.13 of
the Texas Code of Criminal Procedure.  The
trial court signed an order denying the writ without a hearing in April of
2004.

Shortly after the
first denial, Appellant refiled his writ application alleging the same grounds
as the earlier application.  The State
submitted an answer to Appellant=s
writ application which first alleged that the trial court lacked jurisdiction
to grant relief and alternatively addressed each of the points raised by
Appellant in his application.  The State
also filed a supplemental answer arguing that the writ should be denied because
even if the court granted Appellant the relief requested under the writ, it
would not result in his release from the restraint alleged.

After several
resettings, the matter came to be heard on August 20, 2004.  At the hearing, the presiding judge noted
that the docket sheet originally indicated a status conference, but informed
the parties it was ready to proceed.  At
the conclusion of the hearing, the trial court informed both parties that he
had read the briefs, material, and affidavits and he would make a decision
sometime that afternoon.  The trial court
ultimately denied Appellant=s
writ application.  Appellant now appeals
the trial court=s denial
of his application for writ of habeas corpus.

DISCUSSION








As a preliminary
matter, we must determine the jurisdiction of the trial court to hear a writ of
habeas corpus brought pursuant to Tex.Code
Crim.Proc.Ann. art. 11.072 (Vernon 2005) when an individual is no longer
on deferred adjudication community supervision. 
This Court may review whether or not a lower court=s exercise of jurisdiction was
proper.  See Ex parte Schmidt, 109
S.W.3d 480, 481-82 (Tex.Crim.App. 2003)(if trial court denies habeas corpus
relief, the court of appeals has appellate jurisdiction of at least the issue
of trial court=s
jurisdiction).

The State argues
that the trial court lacked jurisdiction to entertain the writ because it had
previously entered an order discharging Appellant as required by statute.  See Tex.Code
Crim. Proc.Ann. art. 42.12, '
5(c)(Vernon Supp. 2004-05).  The State
also argues that once that order was entered, the trial court retained no
jurisdiction to entertain a writ of habeas corpus concerning the underlying
proceedings.  The State relies primarily
on this Court=s holding
that once a trial court discharges an individual from community supervision, it
has no further jurisdiction to entertain a writ of habeas corpus.  See State v. Muro, 156 S.W.3d
852, 853 (Tex.App.--El Paso 2005, no pet.), citing Garcia v. Dial, 596
S.W.2d 524, 528 (Tex.Crim.App. 1980). 
Had this been an application for writ of habeas corpus under Article V, ' 8 of the Texas Constitution, as was
the case in Muro, we might be more inclined to agree.

In Muro, we
held that the trial court lacked jurisdiction to entertain a writ of habeas
corpus because the case against the appellee had been dismissed pursuant to the
deferred adjudication statute.  See id.
at 853.  We relied on authority from the
Court of Criminal Appeals which held that once a case is dismissed against an
individual, he is wholly discharged from any accusation against him and since
there is no case pending, no jurisdiction remains in the dismissing court.  See Garcia, 596 S.W.2d at 528.








However, here
Appellant brought this writ application pursuant to Tex.Code Crim.Proc.Ann. art. 11.072.  Article 11.072, '
2(b) reads as follows:

At the time the application is filed,
the applicant must be, or have been, on community supervision, and the
application must challenge the legal validity of:

 

(1)        the conviction for which the order in
which community supervision was imposed; or

 

(2)        the conditions of community supervision

 

Tex.Code
Crim.Proc.Ann. art. 11.072, '
2(b).

Courts derive
their power to act from the constitution and from legislative enactment.  See Texas Dept. of Transp. v. Marquez,
885 S.W.2d 456, 458 (Tex.App.‑-El Paso 1994, no pet.), citing Curry
v. Wilson, 853 S.W.2d 40, 45 (Tex.Crim.App. 1993).  As such, the lower court=s jurisdiction had to arise by express
authorization.  See State v. Johnson,
821 S.W.2d 609, 612 (Tex.Crim.App. 1991)(court=s
authority to act arises from constitution, statute, or common law); In Re El
Paso County Commissioners Court, --S.W.3d--, 08-05-00151-CV, 2005 WL
1172003, at *5 (Tex.App.-‑El Paso May 18, 2005, orig. proceeding), citing
Eichelberger v. Eichelberger, 582 S.W.2d 395, 398 (Tex. 1979).  Therefore, the trial court had jurisdiction
only if there is some authority to act pursuant to this statute.  The authority to extend a court=s jurisdiction is an action that lies
soundly within the power of the legislature. 
See Farah v. El Paso Nat. Bank, 692 S.W.2d 522, 523 (Tex.App.-‑El Paso
1985, writ ref=d
n.r.e.).

Texas
Code of Criminal Procedure Article 11.072








When a court seeks
to determine the meaning of a statute, it should give effect to the intent or
purpose of the legislature in enacting the statute at issue.  See Boykin v. State, 818 S.W.2d 782, 785
(Tex.Crim.App. 1991).  A court should
begin with the plain language as set out in the statute because Athe text of the statute is the law.@ 
See Getts v. State, 155 S.W.3d 153, 155 (Tex.Crim.App.
2005).  If the text of the statute is
clearly written and unambiguous, words should be given their ordinary or plain
meaning.  Getts, 155 S.W.3d at
155.  Only where the wording of the
statute is Aunclear@ or the ordinary or plain meaning would
lead to Aresults
so absurd that the Legislature could not possibly have intended them@ should we consider anything other than
the words as written in the statute itself. 
State v. Morse, 903 S.W.2d 100, 103-04 (Tex.App.--El Paso 1995,
no pet.).

It is presumed
that every word, phrase, clause, or sentence was purposely chosen and when a
court seeks to interpret or construe a statute, it should attempt to give
effect to all if possible.  See State
v. Hardy, 963 S.W.2d 516, 520 (Tex.Crim.App. 1997).  Finally, a court interpreting a statute
should adopt an interpretation which makes all provisions operable and
effective and avoids conflict.  See
Tex.Gov=t
Code Ann. '
311.021(2)(Vernon 2005); Summerford v. State, 627 S.W.2d 468, 471
(Tex.App.‑‑Houston [1st Dist.] 1981, no pet.) (separate articles of
the Code of Criminal Procedure should be construed in a way that avoids
needless conflict).








In construing the
scope of Article 11.072, '
2(b), our task is to effectuate the Legislative intent and purpose underlying
the statute.  We start by giving a fair
and objective meaning to the terms as they are used in the statute.  The Code of Criminal Procedure requires that
at the time the writ of habeas corpus application is filed, Athe applicant must be, or have been,
on community supervision.@  Id. 
[Emphasis added].  In an
unpublished opinion, this Court addressed whether or not Article 11.072, ' 2(b) barred habeas corpus relief for
applicants who had already served their term of community supervision.  See Ex parte De La Cruz,
08-04-00100-CR, 2005 WL 1421702, at *3 (Tex.App.--El Paso 2005, no
pet.)(not designated for publication). 
In De La Cruz, the trial court concluded that applicants who had
completed their term of community supervision could not bring a writ of habeas
corpus pursuant to Article 11.072, '
2(b).  This Court stated that the trial
court=s
interpretation of Article 11.072, '
2(b) was Aclearly
contrary to the plain reading of the statute.@  Id.

We reiterate today
what we stated in De La Cruz.  By
its ordinary and plain meaning, Article 11.072, '
2(b) clearly applies to individuals who have been discharged from community
supervision.  To read this section as
excluding those individuals who have completed their term of community
supervision would make those words not only superfluous, but also ineffective.  Such a result would be contrary to
established cannons of statutory construction. 
See Hardy, 963 S.W.2d at 520.  Therefore, we hold that Article 11.072, ' 2(b) includes, not excludes,
individuals who have completed their term of community supervision as among
those individuals who may bring a writ of habeas corpus pursuant to Tex.Code Crim.Proc.Ann. art. 11.072.

We are mindful
that our interpretation of the statute seems to create a conflict between Tex.Code Crim.Proc.Ann. art. 11.072 and
Tex.Code Crim.Proc.Ann. art.
42.12, '
5(c).  Article 42.12, ' 5(c) states that A[o]n expiration of a community supervision
period . . . the judge shall dismiss the proceedings against the defendant and
discharge him.@  Further, Aa
dismissal and discharge . . . may not be deemed a conviction for the purposes
of disqualifications or disabilities imposed by law for conviction.@ 
Id.  This Court has already
held that once a defendant is discharged under Article 42.12, ' 5(c), the trial court no longer has
jurisdiction to take any further action. 
See Muro, 156 S.W.3d at 853.








Therefore, we must
also evaluate Article 11.072, '
2(b) in light of Article 42.12, '
5(c).  If possible, a court construing a
statute should interpret it so that it does not render another provision
ineffective or cause an unnecessary conflict. 
See Summerford, 627 S.W.2d at 471.  Also, we must presume that the Legislature
was cognizant of existing law when enacting a statute which seems to conflict
with another provision.  See Ward
County Irrigation Dist. No. 1 v. Red Bluff Water Power Control Dist., 170
S.W.3d 696, 700 (Tex.App.‑-El Paso 2005, no pet.), citing Acker
v. Texas Water Commission, 790 S.W.2d 299, 301 (Tex. 1990).

After due
consideration, we find that Article 11.072, '
2(b) creates an exception to the general effect of a dismissal under Article
42.12, '
5(c).  We agree that a dismissal and
discharge would normally divest jurisdiction from the trial court.  However, in the context of applications for a
writ of habeas corpus for individuals who have completed their term of community
supervision, the Legislature has clearly extended the jurisdiction of a trial
court for the limited purpose of hearing a writ of habeas corpus brought
pursuant to Article 11.072.

The
Final Order

The final order,
as drafted by the State, was worded as follows:

The Court, after
having considered:  (1) the applicant=s writ application; and (2) the State=s Answer, finds that Applicant is
manifestly not entitled to relief and the writ application should be denied [as
frivolous].

 

IT IS ORDERED that the
writ of habeas corpus is not issued and the applicant=s
application for writ of habeas corpus is hereby denied [as frivolous].

 

The court redacted the Aas frivolous@
portions of the order by striking through those words and initialing the
change.  By statute, if the trial court
finds that the applicant was Amanifestly
entitled to no relief@
from the face of the application, it is required to enter a finding of Afrivolous.@  See Tex.Code
Crim.Proc.Ann. art. 11.072, '
7(a).








In the order, the
trial court found that Appellant was Amanifestly
entitled to no relief,@
but redacted those portions of the order finding that the writ application was
frivolous.  Appellant argues that since
the trial court redacted those portions of the order indicating that the writ
was frivolous, it was required to enter findings of fact and conclusions of
law.

Article 11.072, ' 7(a) states that if the trial court
finds the writ applicant Amanifestly
entitled to no relief@
from the face of the application, it shall enter a written order denying the
writ application as frivolous.  In Aany other case,@
the court shall enter a written order including findings of fact and
conclusions of law.  Because the order of
the trial court is unclear, we are unable to deduce this Court=s jurisdiction over the denial of
Appellant=s
application for writ of habeas corpus. 
Further, without clarification, we are unable to determine whether or
not the trial court should have made findings of fact and conclusions of law.  We abate this appeal for the trial court to
clarify it=s Order
of August 20, 2004 consistent with Tex.Code
Crim.Proc.Ann. art. 11.072, '
7(a).

The trial court
shall, within thirty days after the date of this Order:  (1) make appropriate orders and, if
appropriate, enter findings of fact and conclusions of law; and (2) deliver any
orders and findings of fact and conclusions of law to the trial court clerk.  The trial court clerk shall:  (1) prepare a supplemental clerks record
containing all orders and findings of fact and conclusions of law which the
trial court renders or makes; and (2) file the supplemental clerks record with
the clerk of this Court within thirty days after the date of this Order.

 

November
3, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Publish)