WR-58,474-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/30/2015 4:38:57 PM
Accepted 7/1/2015 8:10:31 AM
ABEL ACOSTA
CLERK

No. WR-58,474-02

IN THE COURT OF CRIMINAL APPEALS OF TEXAS, AT AUSTIN

## Ex parte Alberto Rodriguez
Applicant

On Petition for Post-Conviction Writ of *Habeas Corpus* Pursuant to Article 11.07 § 3, *et seq.*, C.Cr.P., in Case No. 700071 in the 178th District Court of Harris County

# Motion for Rehearing

TO THE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Alberto Rodriguez, Applicant, by and through David A. Schulman and John G. Jasuta, his undersigned attorneys of record, and respectfully files this motion for rehearing, and would show the Court:

### Procedural History

On April 5, 2011, Applicant filed his second application for post-conviction writ of *habeas corpus*, alleging that: (1) the juvenile and trial courts lacked jurisdiction due to inadequate service in the juvenile certification proceeding; (2) trial counsel rendered ineffective assistance; and, (3) appellate counsel rendered ineffective assistance.

The State submitted a proposed order designating issues on April 25, 2011. The *habeas* court timely entered its order designating issues on May 19, 2012.

On September 21, 2012, the *habeas* court conducted an evidentiary hearing on Applicant's allegation of a jurisdictional defect. During that hearing, the parties submitted a set of agreed facts.

Applicant submitted his proposed findings of fact and conclusions of law on October 25, 2012. The State did not submit its proposed findings and conclusions until December 23, 2013 (HCR 125). Applicant filed objections to the State's proposed findings on February 3, 2014 (HCR 181).

On June 23, 2014, the *habeas* court adopted the statement of agreed facts submitted by the parties during the hearing conducted on September 21, 2012; made its own findings of fact and conclusions of law; and ultimately recommended that this Court grant relief on Applicant's first and third grounds for relief, and deny relief on Applicant's second ground (HCR 189).

On June 17, 2015, this Court issued its opinion. ***Ex parte Rodriguez***, _____ S.W.3d _____ (Tex.Cr.App. WR-58,474-02; June 17, 2015). Applicant would respectfully show the Court that it has placed a burden on juvenile defendants and practitioners that has never previously been found in the law, and has reached the wrong result. Additionally, the Court failed to address Applicant's third ground for relief.

## Arguments in Favor of Reconsideration

In its June 17th opinion, the Court correctly recites the fact that the summons to the certification hearing of August 1, 1995, was served afer the fact of the hearing and did not refer to any other date. The Court correctly states that no record from these hearings exist. Nevertheless, the Court states that the certification issue was tried, without there being any support for that assertion in the *habeas* record.

Ultimately, however, the Court's decision rests on the unspoken premise that the facts in this case show that the service was essentially proper with only a "defect," or two. This unspoken

ruling is neither supported by the law nor the facts, and flies in the face of decades of contrary case law.

The Court's ruling acknowledges that the law of the area of minors and waivers of their rights with regard to juvenile proceedings was well defined, and yet the Court ignores those very cases. The Court wrote, "we and our sister court have also held that the juvenile cannot waive the service of the summons for the transfer hearing, even if the juvenile attends the transfer hearing. These holdings are in accordance with the common-law rule that a minor does not possess the legal capacity to waive service of summons, nor can anyone waive it for him." *Rodriguez*, slip op. at 6.

### Service versus Defect In Service

An important part of the Court's ruling is a re-writing of the law to hold that the failure to comply with the absolute requirements of Family Code § 54.02, such as the requirement for service two days before the hearing, can be a mere defect of the mechanics of service instead of an abrogation of a statutory requirement. *Rodriguez*, slip op. at 8. When taking this "about

face," the Court ignores both its own holdings and those of its sister Court, the Supreme Court of Texas, both of which have routinely held that a deviation from the statutory requirements deprived the juvenile court of personal jurisdiction over the juvenile.

The facts of this or any other case are immutable. The law in effect at the time of an offense, should, similarly, be immutable. Between the time of the offense and the day immediately prior to the Court's June 17th opinion, the law was likewise immutable, and correctly interpreted by the *habeas* court, but no more.

The failure to properly serve Applicant, as admitted by the State and this Court, and as demonstrated in the record and found by the convicting / *habeas* court, deprived the juvenile court of jurisdiction from that point onward. The juvenile court did not have the power to hold court on Tuesday, August 1, 1995 ("Tuesday"), without proper, and timely, service, and this did not, and could not, have happened. Any order which this Court might care to add to the list of its speculations as an action which might have "continued" the hearing until Friday, August 4, 1995

5

("Friday"), would have been worthless, because it would have been entered without any jurisdiction. In essence, there was no hearing to continue.

This is not a case of proper service, as the timing was a part of that equation, and the summons involved was not timely served. There was never a hearing on Tuesday because Applicant was not served with service complying with the statutory requirement of two days notice, and the summons which was untimely served on Tuesday did not and could not serve as notice to a Friday hearing. Moreover, there is no showing of any other service of notice of a hearing to be held on Friday. The defect was not in the failure to serve the "notice" until almost two hours after the "hearing" commenced, it was in the failure to give the required two days of notice.

The *habeas* court's findings and recommendation correctly view the law in effect, the failures of the State in effecting jurisdiction over the juvenile, and the consequences of those failures under the law. Those findings are supported by both the law and the facts and, according to its own long standing

precedents, this Court should accept them and not re-write both history and the facts to reach a contrary result.

## The Burden

The Court holds that an applicant, in order to obtain relief from a "defect of service" on collateral attack, the record must affirmatively show the absence of jurisdiction. The Court then neglects both the existing case law and the facts in deciding the question and, specifically as to this case, creates an insurmountable burden, heretofore unknown in the law. That there is no record which can be produced by either Applicant or the State is, in effect, being held against Applicant despite the fact that the making, and keeping, of that record was entirely out of his hands -- and that Applicant raised the "no jurisdiction" claim at issue in this ("-02") application years earlier, in his "-01" application.

That the Courts or the State, either of which could have easily secured the record when Applicant's "-01" application was first presented, are not assigned any burden or responsibility whatsoever is clear. Given that the Court used the misplacement

7

of the record as the basis for denying relief, it is unclear why the Court has placed the burden entirely on the one person who had no control over the record, when it was the State and its agencies who exercised control over the record, and who had the earlier opportunity to produce the record.

While requiring the record to affirmatively show lack of jurisdiction, the Court ignores the facts of the case, when it fails to acknowledge that any service which was had, defective or not, was insufficient under the case law to confer jurisdiction over Appellant in the juvenile court. The record affirmatively shows the lack of jurisdiction under the law and nowhere in that record is there any showing to contradict or alter that status. The Court admits as much in the opinion. By any measure of the law prior to the Court's June 17th opinion, Applicant has met his burden.

By failing to properly address the failure of the service it admits was inadequate to confer jurisdiction, and the failure of the State to properly maintain records it was required to maintain, the Court ignores its duty to respect the law and the facts. To require Applicant to prove the negative, that the State did not at some

point between Tuesday and Friday, properly serve Applicant in such a manner as to acquire jurisdiction, a literal impossibility, or that he properly waived service of proper and binding summons service by re-labeling the defect such that a minor would be capable of understanding the difference and make a proper waiver, is an abdication of the Court's duty to the law.

Instead of the record, upon which reliance cannot be had due to no fault of Applicant whatsoever, the Court relies not only on a complete abandonment of the law of service on a juvenile, but on rank conjecture.

> While service of the summons was defective, applicant <u>might</u> have waived any defect in service on the record at the hearing on either August 1 or August 4, and the reporter's record showing a waiver <u>may</u> no longer exist.

*Rodriguez*, slip op. at 12 (emphases added). Any such waiver had to meet strict guidelines under Family Code § 51.09, which this Court seemingly accepts, the memorialization of which was entirely the duty of the State and its agencies. Nevertheless, this Court rejects any requirement of a record except as maintained by Applicant, and faults Applicant for not being able to produce that record to prove the negative, all in one surmise, without one fact

9

upon which to rely. This Court is not applying the proven facts to the law, as did the *habeas* court. It is, instead, applying conjecture to re-written law in an effort to deny the requirements of the law in existence at the time. The Court completes its journey through fancy with its statement,

> The possibility exists that applicant was served during the August 1 hearing and waived the lateness of service on the record at that time. The more likely scenario, however, appears to be a waiver on August 4, given the docket-sheet entry for that date that any further notice was waived by respondent. This entry may relate to a waiver on the record at the August 4 hearing of defects in service.

*Rodriguez*, slip op. at 13. These three sentences expose the very basis of the Court's decision as nothing more than speculation.

The Court states that the Tuesday, August 1 hearing was reset, *Rodriguez*, slip op. at 13, but this does not accurately state the record, nor does it accurately state the law.[1] The event of Tuesday, August 1, 1995, a proceeding without jurisdiction under the law, has not been shown on the record to have been reset. Rather, it was terminated so that proper service of summons could be had. Succinctly stated, under the law as stated in the petition

---

[1] This also seems to be contradictory to footnote 50, *Rodriguez*, slip op. at 14-15, which states that the record does not establish why the hearing was rescheduled.

and the briefs before this Court, there was ineffective service of summons as to the August 1 event; that attempt did not give notice as to August 1, there is no record "reset" of the August 1 hearing until August 4 -- even if there was a valid hearing to reset -- and the record does not show any service whatsoever to the hearing on August 4, 1995.

By its failure to grapple with the failure of any attempted service to comply with the requirements of the law, and the failure of the record to show any proper invocation of jurisdiction over Applicant, the Court's attempt to avoid the law by mis-characterizing the mistakes as mere defects in the service ignores the law. Instead, the Court places the burden on the Applicant to preserve a possibly non-existent record of proceedings which were required by statute to be on the record, and to demonstrate that the record would not show that which never happened, proper service of summons or proper waiver of such service.

There is truly no way the Applicant can demonstrate that the speculation engaged in by this Court is false, speculation in which the Court engages after rejecting Applicant's own speculation:

> This surmise on applicant's part is not sufficient to affirmatively show that a proper waiver did not take place. Even with a waiver, the juvenile court may have thought it prudent to satisfy the two-day notice rule by delaying the hearing to August 4, or applicant or his attorney may have insisted on the two days as a condition of executing the waiver. Or the hearing may have been rescheduled to August 4 for reasons unrelated to the lateness of service.

*Rodriguez*, slip op. at 14. The bottom line is that everyone is speculating because the record cannot be produced, neither by Applicant nor the State. Perhaps the Court should speculate as to whether, had the State made an effort to find the record when this contention was first raised in the "-01" application, and at a time when the State had both an opportunity and duty to respond, and prior to this Court's dismissal of that application and the jurisdictional issue, the record would have been now been available.

The State, of course failed in its duty to respond in detail to Applicant's "-01" application, the *habeas* court failed to ensure a complete record adequately supporting its recommendation to deny relief accompanied that recommendation, and this Court

12

chose to dismiss on a procedural point eschewing timely resolution of an allegation questioning the jurisdiction of the Court of conviction. If either the State or the *habeas* court had done its duty under the law at the time of the "-01" writ application, speculation might not be necessary, as the record would be in the Archives. Instead, Applicant is made to pay for those failures, over which he had no control.

The Court's opinion of June 17th is rife with speculation and assumption, as well as misplacement and misunderstanding of the burden placed on Applicant. It was not he who was in charge of the record, which the Court speculates was produced,[2] but it is he who must suffer. This despite his sworn statements that there was no service and that he made no waiver. Only by producing the record, over which Applicant has no power, and which the State cannot produce despite its duty to preserve that record, can Applicant overcome the speculation in which the Court engages.

---

[2] See ***Rodriguez***, slip op. at 14 (FN 47).

The Court has truly set an impossible burden and, in so doing, has itself denied Applicant due process of the law.[3]

The Court has held that the findings and recommendations of the *habeas* court should be accepted when they are supported by the law and facts developed. ***Ex parte Navarijo***, 433 S.W.3d 558, 567 (Tex.Cr.App. 2014); ***Ex parte Weinstein***, 421 S.W.3d 656, 664 (Tex.Cr.App. 2014). It is true that when an independent review of the record reveals that the trial judge's findings and conclusions are not supported by the record, the Court may exercise its authority to make contrary or alternative findings and

---

[3]   Compare the burden imposed in this case with the outcome had the jurisdictional issue been properly raised on appeal and any part of the record, including the juvenile certification hearing, "gone missing" at the time of that direct appeal. The Court, citing to ***Dunn v. State***, 733 S.W.2d 212 (Tex.Cr.App. 1987), wrote:

> It has long been the rule in this State that "[w]hen an appellant, through no fault of his own or his counsel's, is deprived of a part of the statement of facts which he diligently requested, the appellate court cannot affirm the conviction. Austell v. State, 638 S.W.2d 888, 890 (Tex.Cr.App. 1982). See also Gamble v. State, 590 S.W.2d 507 (Tex.Cr.App. 1979); Timmons, supra, at 512; Pierson v. State, 147 Tex.Crim. R., 177 S.W.2d 975, 976 (1944); Navarro v. State, 141 Tex.Crim. 196, 147 S.W.2d 1081, 1085 (1941) (Opinion on motion for rehearing); and now also Tex.R.App.Pro.Rules 210(a) and 50(e). Further, this rule has been applied whether all or only a portion of the statement of facts was omitted. See Austell, supra (voir dire examination); Gamble, supra (final arguments during guilt and punishment before the jury); and, Hartgraves v. State, 374 S.W.2d 888, 890 (Tex.Cr.App. 1964) (hearing on motion for new trial).

***Harris v. State***, 790 S.W.2d 568, 574 (Tex.Cr.App. 1989).

conclusions. *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008). In the present case, the *habeas* court's findings are completely supported by the *habeas* record developed by Applicant and the State. Only by re-writing the facts to amend the record to encompass rank speculation can the Court reject those findings. Unfortunately, the Court has done just that.

The *habeas* court heard the facts over a protracted period of time and, after due consideration of the law and the facts, and without resort to any speculation whatsoever, found that Applicant was never served with summons, that the juvenile court lacked jurisdiction, and that Applicant is entitled to relief. Only by rejecting the facts as found, only by rejecting the law as it was in effect and re-writing it to fit the situation at hand, and only by engaging in absolute speculation about what might have been, can the Court's opinion be validated.

## The Opinion Is Incomplete

The Court's opinion of June 17th disposes of Applicant's jurisdictional arguments by re-casting the failure of summons as a "defect in service," as opposed to a failure of service. The point,

15

not having been raised on direct appeal, was treated as a collateral attack and the rules altered with regard to the review. The Court, in so doing, avoided the third allegation raised by Applicant in his application, for which the *habeas* court had recommended relief be granted. The Court's action, however, demonstrates the truth both of the third allegation and the *habeas* court's recommendation to grant relief on that ground.

In that allegation Applicant contended that his appellate counsel was deficient for failing to raise, as a point of error on direct appeal, the juvenile and trial courts' lack of jurisdiction. Applicant extensively argued the juvenile and trial courts' lack of jurisdiction in the instant application and supporting memorandum under his first ground for review and referred to those points in the third ground for review, alleging ineffective assistance of appellate counsel for this very failure.

The facts establishing this point of error are clearly reflected in the record and were available to appellate counsel on direct appeal. Further, appellate counsel would have been permitted, under the law, to raise this point of error on direct appeal, despite

the fact that it concerned a transfer from juvenile court. See ***In the Matter of D.D.***, 938 S.W.2d 172, 174 (Tex.App. - Fort Worth 1996), wherein the Court of Appeals discusses the applicability of Article 44.47(d), C.Cr.P. The lack of a record would have had very different ramifications, none of which would have subjected Applicant to a requirement that he produce that record or waive his error.

Those rules which require a timely and specific objection, motion, or complaint, do not apply to "absolute systemic requirements," and failures of jurisdiction of the person and jurisdiction of the subject matters are such errors do not require an objection. See ***Alrich v. State***, 104 S.W.3d 890, 895 (Tex.Cr.App.2003), citing ***Marin v. State***, 851 S.W.2d 275, 280 (Tex.Cr.App.1993).

The third allegation raised within the application, and for which the *habeas* court recommended relief, discussed prejudice, even prior to this Court's opinion in this case which absolutely establishes the prejudice. While it could formerly have been argued that appellate counsel's failure to raise a jurisdictional

error, i.e., one which can be raised at any time, even during *habeas* review, demonstrated that counsel's failure was harmless due to the lack of waiver, that argument can no longer be supported. The harm flowing from the ineffective assistance of appellate counsel is easily seen in the reflection of this Court's opinion.

Following this Court's opinion, it is clear that appellate counsel's failure condemned Applicant to a life of incarceration. But for appellate counsel's error in failing to raise jurisdictional grounds on appeal, there is a reasonable probability that the appellate court would have vacated the judgment and remanded the case to juvenile court. See ***Light v. State***, 993 S.W.2d 740, 750 (Tex.App - Austin 1999).

The Court's opinion of June 17th makes it abundantly clear that the failure to raise the jurisdictional issue, which this Court plainly recognizes, in a timely manner resulted in rejection of the claim on *habeas corpus*. In doing so, this Court has accepted that harm flowed from counsel's failure. This Court should re-hear the case, in a complete manner, and dispose of each of the *habeas*

court's bases for its recommendation to grant relief. The failure to do so denies Applicant a full and complete review of the application he filed as well as the rulings, findings and recommendation of the *habeas* court, and, in so doing, denies Applicant due process of law.

## Conclusion

The *habeas* court's findings and conclusions are more than adequately supported by the record, unless one re-writes both the law and the facts to include speculation, and imposes an impossible burden on the Applicant. The *habeas* court's findings and recommendation do not rely on the placement of an impossible burden on the Applicant of proving a negative by production of a record in the care of the State which the State admits it cannot produce. The *habeas* court's findings rely on the record produced during the *habeas* proceedings during which the State had ample opportunity to rebut the sworn allegation of Applicant, and they should be followed.

Additionally, the *habeas* court's recommendation to grant relief is still before the Court without resolution, albeit acceptance

19

of the allegation of ineffective assistance of counsel. This Court should rehear and/or reconsider the merits of the case and fully consider all of the bases for the *habeas* court's recommendation to grant relief.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Applicant and the undersigned respectfully pray that the Court will reconsider its action of June 17, 2015, vacate its written Opinion of that date, and accord Applicant the relief recommended by the *habeas* court and which the *habeas* record reflects is appropriate.

Respectfully submitted,

**John G. Jasuta**
Attorney at Law
lawyer1@johngjasuta.com
State Bar No. 10592300

**David A. Schulman**
Attorney at Law
zdrdavida@davidschulman.com
State Bar Card No. 17833400

1801 East 51st Street, Suite 365-474
Austin, Texas 78767-0783
Tel. 512-474-4747
Fax: 512-532-6282

Attorneys for Alberto Rodriguez

20

# Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 3,836 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on June 30, 2015, a true and correct copy of the above and foregoing "Motion for Rehearing" was transmitted to Lori DeAngelo (deangelo_lori@dao.hctx.net), counsel of record for the State of Texas, via the eService function on the State's eFiling portal.

**John G. Jasuta**